FÉLIX CAPELES RIVERA, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY OF PUERTO RICO, Defendant and Appellee.

No. 12899. Decided October 13, 1961.

*Félix Capeles Rivera* per se. *J. B. Fernández Badillo, Attorney General,* and *Jenaro Marchand, Assistant Attorney General,* for appellee.

Mr. Justice Blanco Lugo delivered the opinion of the Court.

Félix Capeles Rivera filed in his own right a petition for habeas corpus in the Superior Court, Caguas Part, alleging substantially that he is deprived illegally of his liberty since the sentence which he is serving in the State Penitentiary was entered without jurisdiction because he did not have adequate assistance of counsel during the proceeding which culminated in his conviction. He alleged specifically that although he was represented by attorney Julio de Jesús García, his assistance did not comply with the applicable constitutional provisions inasmuch as the designation made by the court "was *pro forma*" and he was deprived of the opportunity to confer with him.

The petitioner and the district attorney appeared personally at the hearing of the petition. The following proceedings took place:

"HON. JUDGE:

Your name?

A. Félix Rivera, Félix Capeles Rivera.

Q. What reason or motive do you have to believe that you can be discharged and the sentence annulled?

A. I allege that I made a motion for continuance which was filed by Lic. Mimoso the day before the trial. Lic. Mimoso told me to go and the court denied the motion. Lic. Gloria Mimoso told me she had filed it and that it had been denied, and told me to appear and see what happened. In the afternoon they sent a policeman to notify me that they were not going to continue the case.

Q. The day before the hearing?

A. Yes, sir, at 6:00 p.m.

Q. You did not come to see Lic. De Jesús?

A. The office was closed and I did not know where he lived. The next morning, at 8:30 a.m., he represented me here. They sent for him and he conferred with me for about five or ten minutes, and I told him I was not satisfied with the defense because he had conferred with me five or ten minutes. That is what I allege.

Q. You said that to the attorney?

A. Yes, sir.

Q. Sir, why did you not tell me? Why did you not say to me: Your Honor, I believe he is in no position to handle the case because I conferred with him only five or ten minutes? I asked, are the parties ready? And they answered, yes, we are ready.

HON. JUDGE:

This case was filed on August 4, 1959. It was set for hearing on October 5, 1959. Your attorney was Lic. Peña. He made a motion for continuance.

PETITIONER:

But it was not for me. I made the request only once.

HON. JUDGE:

On that occasion the case was continued. That was one year ago. It was then set for December 16. On December 16 you appeared with a smiling face and said: 'I do not have a lawyer.' 'Alright, since you do not have an attorney the case will be continued.' The minutes read, 'defendant Félix Capeles Rivera having informed that he does not have an attorney to represent him, that was on December 16, and in order to give him another opportunity to engage the services of an attorney, because he had previously said that he had an attorney, the case was continued on February 10, 1960.' You said, 'I want to spend Christmas out of jail.' December and January passed and the case was set for February 10 and you were summoned as required by law. You were on bail. You were summoned on December 16 to appear on February 10, not five or ten days before. You were summoned for February 10; you appeared on the 9th with a motion for continuance.

PLAINTIFF:

What happened was that I was very ill in Fajardo as a result of an accident.

HON. JUDGE:

On February 9 you went to see the attorney. Why did you not go before?

PLAINTIFF:

He had all the papers of my case.

HON. JUDGE:

A motion for continuance of the case has to be made at least five days in advance. On February 9, when you made the motion, I entered an order: 'In this case it was necessary to bring a witness from the U.S. and The People of Puerto Rico had to pay the expenses, $15 daily and the traveling expenses of the witness.' The motion is denied. 'In the event the defendant can not be represented by Lic. Mimoso because he is busy in his duties of House Representative, Lic. Julio de Jesús García is appointed as attorney for the defendant in this case.'

That was on February 9. You were the one who brought the motion.

PLAINTIFF:

The attorney.

Q. At what time did you file the motion?

A. The previous day.

Q. Who was supposed to look after your case?

A. I was.

Q. Who told you the case would be continued?

A. She told me to appear the next day and to explain the reasons to you.

Q. On February 10 the case of Efraín Rivera Plaza and Félix Capeles was called. The court asked, 'are the parties ready?' They said, 'we are ready.' Their attorney said, 'we are ready.' The jury was then drawn. At the opening of the evidence Lic. De Jesús informed that his client's theory would appear from the evidence. At the close of the evidence the case was submitted to the jury and you were unanimously found guilty. The verdict was accepted and judgment was rendered on February 16. The court does not believe the defendant's testimony, and considering that he was duly represented by Lic. Julio de Jesús García, who had stated that he was ready to hear the case, the petition for habeas corpus is denied . . ."

Appeal was taken from the judgment quashing the writ issued. The error assigned is the failure of the trial court to appoint an attorney to represent the petitioner at the hearing of the petition for habeas corpus.

 The Constitution of the Commonwealth of Puerto Rico establishes the right of the *accused* to have assistance of counsel. In this connection, Art. II, § 11, of the Constitution provides that "in all *criminal prosecutions*, the accused shall enjoy the right . . . to have assistance of counsel . . ." (Italics ours.) Prior to 1952, an identical right was recognized under Amendments V and VI to the Federal Constitution; § 2, par. 2, of the Organic Act of 1917; and § 141 of the Code of Criminal Procedure. Since *Ex parte Hernández Laureano*, 54 P.R.R. 396, 399 (1939), and cases which followed,[1] the right of the accused to have assistance of counsel at the trial and to appear for arraignment and for sentence has been unconditionally recognized. And in *Rivera* v. *Warden*, 80 P.R.R. 800 (1958), we held that the

---

[1] For a listing of these cases, see footnote 3 appearing at p. 805 of the opinion rendered in *Rivera* v. *Warden*, 80 P.R.R. 800 (1958).

accused does not have an absolute constitutional right to assistance of counsel at the investigatory stage of the crime.[2]

██ ██ Although the importance of assistance of counsel in all criminal proceedings is recognized, *Ellis* v. *United States*, 356 U.S. 674 (1958) (incident on leave to appeal *in forma pauperis* from a conviction), it has been held that there is no constitutional right to representation by counsel in habeas corpus proceedings before the federal courts. *United States* v. *Wilkins*, 281 F.2d 707 (C.A. 2, 1960); *Anderson* v. *Heinze*, 258 F.2d 479 (C.A. 9, 1958); *Dorsey* v. *Gill*, 148 F.2d 857, 877 (C.A.D.C. 1945), *cert. denied*, 325 U.S. 890 (1945); *Brown* v. *Johnston*, 91 F.2d 370 (C.C.A. 9, 1937); *Commonwealth* v. *Banmiller*, 159 A.2d 237 (Pa. 1960); *Plater* v. *Warden of Maryland House of Correction*, 154 A.2d 811 (Md. 1959); *McGrath* v. *Tinsley*, 328 P.2d 579 (Colo. 1958); Annotation, *Right to aid of counsel in application or hearing for habeas corpus*, 162 A.L.R. 922 (1946). The *ratio decidendi* of these cases is that habeas corpus is a proceeding of a civil nature and is not therefore entitled to the constitutional guarantee, which

---

[2] The right to assistance of counsel has been extended to criminal proceedings subsequent to conviction: approval of the transcript of the evidence of the trial, *Chessman* v. *Teets*, 354 U.S. 156 (1957) (*cf.* preparation of the transcript when the accused is indigent, *Griffin* v. *Illinois*, 351 U.S. 12 (1956), see Act No. 106 of June 22, 1961), challenge of certification on the merits of a petition for appeal *in forma pauperis*, *Johnson* v. *United States*, 352 U.S. 565 (1957); *Ellis* v. *United States*, 356 U.S. 674 (1958); *Hodge* v. *Huff*, 140 F.2d 686 (C.A.D.C. 1944); representation at hearing on accused's sanity after verdict of guilty, *Stroble* v. *California*, 343 U.S. 181 (1952); motion to vacate judgment under § 2255 of Title 28 of the United States Code, *Thomas* v. *United States*, 217 F.2d 494 (C.A. 6, 1954). See Annotation, *Accused's right to counsel under the Federal Constitution*, 2 L. Ed. 2d 1644 (1958), and 93 L. Ed. 137 (1948).

is limited to criminal prosecutions.[3] Moreover, the position taken is warranted by reason of the great number of frivolous habeas corpus petitions and of the onerous charge which the appointment of attorneys in *all* proceedings of this type would represent to the courts as well as to the profession.

▇ Yet, irrespective of whether or not the petitioner in a habeas corpus proceeding has the right to assistance of counsel, we are under the duty to establish rules which conduct to a more fair and equitable administration of justice and which underlie the postulate of the discovery of truth. *Cf. People* v. *Ribas, ante,* p. 371; *People* v. *Galeano, ante,* p. 500. This is particularly true in the habeas corpus proceeding which, although as correctly stated, is of a civil nature, yet it is ultimately aimed at determining the legality of the privation of liberty resulting from criminal conviction.

Where a habeas corpus proceeding presents a factual controversy, subject to the hearing of evidence requiring knowledge for its organization and presentation, the best practice is to designate an attorney to represent the petitioner. As a general rule, the inmate does not have either the ability or the necessary training to determine which are the pertinent facts within the applicable rule of law, nor which testimony he should bring to the court's consideration, nor the logical order of the presentation of the witnesses. Under these circumstances, the failure to designate an attorney to the petitioner constitutes error.

---

[3] Relying on the provision which limits the right to assistance of counsel to criminal prosecutions, the inapplicability of the constitutional provision to administrative proceedings has been recognized. *Brownlow* v. *Miers,* 28 F.2d 653 (C.C.A. 5, 1928); *Ex parte Chin Loy You,* 223 Fed. 833 (Mass. 1915); *United States* v. *Greenawalt,* 213 Fed. 901 (Pa. 1914). See Annotation: *Federal Constitution as guaranteeing assistance of counsel at administrative proceedings,* 1 L. Ed. 2d 1865; *In re Groban,* 352 U.S. 330 (1957).

■■ If we examine closely the transcript of the hearing copied above, we must reach the inevitable conclusion that the trial court erred in not designating an attorney to assist the petitioner. The hearing constituted a dialogue between the petitioner and the judge (without practically any intervention of the district attorney), during which the magistrate made continuous reference to the record of the criminal case in which the petitioner was convicted. The petitioner was not asked if he had any evidence—in addition to his testimony—in support of his contentions. Nor was sufficient inquiry made into the accused's contention that the designation of attorney De Jesús was a mere formality, nor whether the accused had reasonable time to confer with the attorney, in view of the sudden withdrawal, 24 hours before the trial, of the attorney whom he had engaged to defend him. Too much emphasis was placed on the fact that it appeared from the record that the attorney *de officio* had stated that he was ready for the trial. Furthermore, whenever the local circumstances regarding the organization of the courts permit it, it is desirable that the hearing of the petition be held before a judge other than the judge who presided the criminal proceeding.[4]

Under these circumstances, the judgment rendered by the Superior Court, Caguas Part, on November 17, 1960, will be reversed and the case remanded for a new hearing on the habeas corpus petition after designating an attorney to assist the petitioner.

Mr. Justice Santana Becerra concurs in the result.

---

[4] This comment should not be taken as a criticism on the trial judge, who at the time of the trial of the case was the only magistrate presiding in the Caguas Part of the Superior Court.