Morris **THOMAS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.
No. 12212.

United States Court of Appeals,
Sixth Circuit.

Dec. 20, 1954.

E. Lynch Smith, Cincinnati, Ohio (Morris Thomas, in pro. per., E. Lynch Smith, Cincinnati, Ohio, on the brief), for appellant.

George S. Heitzler, Asst. U. S. Atty., Cincinnati, Ohio (Hugh K. Martin, Thomas Stueve, U. S. Attys., Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

The appellant is presently confined to the Federal penitentiary at Alcatraz Island, California, under consecutive sentences imposed upon two counts of an indictment upon his plea of guilty. The sentence on count one was for ninety nine years, for kidnapping under the so-called Lindberg Act, Title 18, Section 1201 U.S.C. and on count 2 for five years

for violation of the Motor Vehicle Theft Law, Title 18, Section 2312 U.S.C. Having served the full five years imposed on the second count, he filed in the court below a motion to vacate the sentence under count one pursuant to Title 28, Section 2255 U.S.C. on the ground that he had never consented to the entry of a plea of guilty to the first count, that he was denied his constitutional right to a trial by jury upon the charge there contained, that he was denied due process of law, in that he was threatened and coerced to enter a plea of guilty thereon without being advised of the nature of the charge or the severity of the penalty that might be imposed. The court held an ex parte hearing thereon and made certain findings of fact and conclusions of law following which the appellant's motion was overruled.

Upon his appeal to this court, the appellant contends that he was given no notice of the hearing upon his petition notice of the hearing upon his petition, that the grounds upon which it was based were factual, requiring evidence beyond what appeared upon the record at the trial, that he was not brought before the court to give such evidence personally and had no opportunity of presenting evidence other than his own that the court's order was entered on March 2, 1954 and notice thereof was received by him at the penitentiary on March 8, 1954.

■ The issue, we think, is ruled by United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. There, it was said that the section requires a prompt hearing and notice thereon and that in requiring a hearing the section has reference to the tradition of judicial proceedings and an order to secure the respondent's presence in the sentencing court to testify or otherwise prosecute his motion, if that is necessary or appropriate to the exercise of jurisdiction under Section 2255 but this does not mean that the existence of a power to produce the prisoner requires that he should be automatically produced in every Section 2255 proceeding but that whether the prisoner should be produced depends upon the issues raised by the particular case and that where there are substantial issues of fact as to the events in which the prisoner participated the trial court should require his production for a hearing. Upon this latter question, the court made no finding of fact or announced any conclusion of law.

While United States v. Hayman, supra, is controlling upon us, without further precedents, we refer also to our decisions in Slack v. United States, 6 Cir., 196 F.2d 493, Howard v. United States, 6 Cir., 186 F.2d 778, and United States v. Pisciotta, 2 Cir., 199 F.2d 603.

■ We are of the view that the appellant was entitled to notice of a hearing and an opportunity, after such notice, to produce evidence upon the factual issues presented by his motion, and that he was entitled to be represented by independent counsel, upon which hearing a finding should be made expressing the court's determination thereon. Wherefore,

The order appealed from is reversed and the cause remanded to the District Court for further proceedings consistent herewith.