(No. 37365.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM EGGERS, Plaintiff in Error.

*Opinion filed February 1, 1963.*

JACK A. BRUNNENMEYER, of Peoria, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and B. H. HUSCHEN, State's Attorney, of Eureka, (FRED. G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendants, William Eggers and Richard D. McCloud, were indicted in Woodford County for the crime of burglary. On April 3, 1962, bond was set at $3500 and on April 4 the defendant Eggers paid $350 for a surety bond and was released.

On April 9 following, Eggers and his co-defendant McCloud appeared in court and offered to plead not guilty. The court refused to accept their plea in the absence of their attorney and continued the case until April 16, 1962. On that day Eggers and McCloud came before the court with their attorney and pleaded not guilty. The case was set for trial on May 7, 1962. On that day the State's Attorney, who stated he was ready for trial, and Eggers and McCloud without their attorney appeared before the court. Inquiry was made by the court as to the whereabouts of defendants' counsel, and the court was informed that he had withdrawn. The court thereupon stated that although the attorney for the defendants had filed a petition for withdrawal he had refused to grant it. The defendant Eggers then stated that he had no money with which to pay the lawyer and that he had discharged him. He further informed the court that he had been ill and had no opportunity to employ other counsel. The court then allowed the attorney to withdraw but advised said defendant that because he had purchased a bail bond he was going to have to get his own lawyer, and furthermore, he was not going to be permitted "to horse this around all spring, summer and winter." At the suggestion of the State's Attorney, the case was then placed at the bottom of the list of cases

for May 14, 1962. The defendant Eggers again informed the court that he could not get an attorney by that date, whereupon the court stated "that will be your hard luck."

On May 14, McCloud and Eggers again appeared in court without counsel. The trial judge asked them if they were ready for trial and the defendant Eggers stated that all he could do was to plead guilty. The court then advised him that, since he had paid the premium on the surety bond, the public defender, who the court said could ordinarily be appointed, would not be named to defend him. The court admonished Eggers (hereafter called defendant,) as to his plea of guilty and stated that if he did not so plead he would be entitled to a jury trial and representation by a lawyer of his own choice. However, the court did accept the defendant's plea of guilty, although the defendant did inform the court he was so drunk at the time of the burglary that he did not know what he was doing, which fact, if proved, might constitute a defense to the crime charged. *People* v. *Bartz,* 342 Ill. 56.

The defendant here contends that the failure of the court to appoint counsel deprived him of a fair trial as guaranteed by the State and Federal constitutions.

The People, on the other hand, contend that the appointment of counsel is a personal right which may be waived, and that there is no duty on the part of the court to appoint counsel unless the defendant states on oath that he is indigent and asks that counsel be appointed, which was not done in this case. (*People* v. *Clark,* 405 Ill. 483; Ill. Rev. Stat. 1961, chap. 38, par. 730.) The People also point out that the defendant at one time stated that he did not want the public defender to be his counsel. This last statement apparently was made when the defendant thought he could provide his own counsel, but not after he had advised the court that this was not possible because of the lack of funds.

It is apparent from the record that the trial court's

refusal to appoint counsel for the defendant was not based upon the defendant's failure to state under oath that he was indigent and ask under oath for the appointment of an attorney, nor upon the fact that he had stated previously that he did not want the public defender. From the statements of the court it is clear that an attorney was not appointed to defend the defendant solely because the defendant had spent $350 for a bail bond. The trial judge stated that *ordinarily* the public defender would have been appointed if this had not been done. The trial court's action in this regard was erroneous.

We are of the opinion that by said failure to appoint an attorney for the defendant the court committed reversible error, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*