DAVID JOSEPH SCHMIDT, petitioner, v. HARVEY UHLENHOPP, Judge, District Court of Story County, respondent.

No. 52025.

(Reported in 140 N.W.2d 118)

FEBRUARY 8, 1966.

Paul D. Lunde, of Ames, for petitioner.

Charles E. Vanderbur, County Attorney, of Ames, for respondent.

GARFIELD, C. J.—We granted certiorari under rules 306 to 319, Rules of Civil Procedure, to review orders of respondent-judge refusing to appoint counsel at public expense for petitioner, charged with a felony. We must sustain the writ and annul the orders.

Petitioner was charged with the crime of assault with intent to inflict great bodily injury in violation of section 694.6, Code, 1962. When he appeared in municipal court in response to the preliminary information he asked that an attorney be appointed to represent him, evidently on the ground he was unable to employ any. The request was granted and Paul D. Lunde was appointed. A preliminary hearing was held and petitioner was bound over to await the action of the grand jury or the filing of a county attorney's information. Bond was fixed at $10,000.

A week later Mr. Lunde filed in the district court a motion to reduce the amount of bail and obtained an order for hearing thereon. On October 1, 1965, C. A. Smedal, a well-known attorney, appeared for petitioner and also filed a motion to re-

duce bail. Petitioner's mother had employed Mr. Smedal. Hearing was held on the question of reducing bail and on the same day it was reduced to $2500. Mr. Smedal acted for petitioner at this hearing. Petitioner's mother deposited $2500 with the clerk of court which was accepted as bail and petitioner was released from the jail.

On October 5, 1965, a county attorney's information was filed charging petitioner with assault with intent to inflict great bodily injury in violation of Code section 694.6. Petitioner appeared with Mr. Smedal, waived arraignment and pleaded not guilty. Trial was set for November 3. On November 1 Mr. Smedal withdrew as attorney for petitioner because of disagreement with him over defense of the charge and inability or unwillingness of his mother to pay Mr. Smedal's fee.

Mr. Lunde (the attorney who represented petitioner by appointment at the preliminary hearing) then asked the district court, at petitioner's request, to appoint him or some other attorney to further represent petitioner at public expense. A hearing was held on this request at which Mr. Lunde and the county attorney each made statements and petitioner was questioned by Mr. Lunde and the court.

At the conclusion of the hearing the court announced it did not find petitioner was genuinely indigent, that since he was free on bail he could try to retain counsel, with authority from the court to state to him that if petitioner was acquitted counsel must look to him or his mother for his pay, but if he was convicted and confined so he could not work the court would see that counsel was paid from public funds.

The court's ruling was placed on three grounds. First, petitioner was 25, a high school graduate, able-bodied, unmarried, with no dependents, in a time of prosperity. Second, petitioner's mother retained private counsel for him once and petitioner now claims he cannot pay another. Third, petitioner's mother deposited $2500 as bail to obtain his release from jail.

Two days after the above ruling was made Mr. Lunde petitioned the court for reconsideration thereof, requesting it to rule that petitioner is or is not indigent and entitled to have Mr. Lunde or some other attorney appointed to defend the case.

This petition asserted the first ruling placed Mr. Lunde in an awkward position ethically in that if petitioner were convicted and confined his pay would be assured, but if he were acquitted Mr. Lunde must look to a client without funds therefor.

In response to this petition the court ruled petitioner was not indigent and assignment of counsel at public expense was refused.

At the hearing preceding the first ruling it appeared petitioner had been released from the reformatory, on a conviction for drunken driving (OMVI), about two months earlier, he had $10 and the clothes he was wearing and no automobile or other property. He was then picking corn for an uncle at $1.25 an hour and expected to "get in" between 40 and 50 hours that week. He had had a few other jobs such as washing dishes but they were of short duration.

It also appeared petitioner's mother had paid $52.50 for a transcript of the testimony at the preliminary hearing in municipal court but petitioner had done some remodeling work on an apartment she owned to repay her for this expenditure. Further, that when Mr. Smedal was employed the mother expected to get work which she did not get. Petitioner said he did not feel he had a right to call upon his mother to pay for his defense.

I. There can be no doubt petitioner was entitled to have counsel appointed to assist in his defense if he was unable to employ any.

So far as applicable, Amendment 6 to the Federal Constitution provides, "In all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defence." This provision is applicable to the states through the due process clause of Amendment 14. Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733. See also Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed.2d 811.

Article I, section 10, Iowa Constitution, contains a provision similar to that in Amendment 6, supra. See also Korf v. Jasper County, 132 Iowa 682, 685, 108 N.W. 1031.

Section 775.4, Iowa Code 1962, provides: "Right to counsel. If the defendant appears for arraignment without

counsel, he must, before proceeding therewith, be informed by the court of his right thereto, and be asked if he desires counsel; and if he does, and is unable to employ any, the court must allow him to select or assign him counsel, * * *."

"The statute quoted should not be construed as limiting the exercise of the power to appoint counsel at the time of arraignment. Exigencies may arise thereafter * * * rendering the substitution of another attorney necessary." Korf v. Jasper County, supra, at page 686 of 132 Iowa.

Code section 775.5, as enacted in 1965 by chapter 449 of the Sixty-first General Assembly, so far as now pertinent, states: "An attorney appointed by the court to defend any person charged with a crime in this state shall be entitled to a reasonable compensation to be decided in each case by the court, including such sum or sums as the court may determine are necessary for investigation in the interests of justice * * *" (from page 847, Laws 61st G. A.).

II. The question for the trial court to decide here was whether petitioner was unable to employ counsel. Ability to employ counsel fairly implies ability to pay him reasonable compensation. As the trial court recognized and as Code section 775.5, supra, contemplates, an attorney should not be expected to defend an accused gratuitously.

It was proper for the court to require a reasonable showing that petitioner was unable to employ counsel. 23 C. J. S., Criminal Law (1961), section 982(4), pages 959, 960. This is especially true in view of the fact a "private" attorney had appeared for him for a month and petitioner was released on a fairly large cash deposit accepted as bail. We think it must be held petitioner made a strong showing he was unable to employ and pay counsel and the decision under review was illegal within the meaning of rules 306 to 319, R. C. P.

The trial court's order appears to be largely based on his opinion petitioner *ought to be able* to employ and pay counsel, especially if trial resulted in his acquittal. We deem this insufficient basis for refusal to appoint counsel. As indicated, we think the question was whether petitioner *was* unable to employ counsel, not whether he ought to be able to do so. Many people

do not live up to their capabilities, especially those like petitioner who has been in trouble with "the law" for several years and was only recently released from the reformatory.

Some of our decisions involving the right of a defendant in a criminal case who has appealed from his conviction to a transcript of the evidence at county expense support the view just expressed. What is now Code section 793.8 provides that if a convicted defendant who has appealed "shall satisfy a judge * * * that he is unable to pay for a transcript of the evidence, such judge may order the same made at the expense of the county * * *."

This statute closely resembles section 775.4, supra, which provides counsel *must* be furnished a defendant "unable to employ any." Indeed 775.4 is mandatory in terms while 793.8 is not.

State v. Van Gorder, 192 Iowa 353, 354, 184 N.W. 638, reversed a trial court's refusal of a transcript at county expense on much the same grounds as does the order now before us. In fact the showing in resistance to Van Gorder's application seems to be considerably stronger than do the grounds on which this order is based.

The trial court observed that Van Gorder "apparently had no difficulty in giving an appeal bond of $7500, upon which he" had been at liberty for some time. "He is an able-bodied man, and, with the present demand for labor, ought to have no difficulty in making $5.00 or more per day. He and his wife were interested in a property * * *, in which they certainly had considerable equity. His wife has an interest in her father's estate of $3000 or $4000, and he has brothers and sisters and other relatives * * *, who have heretofore come to his aid. * * * the means are certainly at hand for the defendant to bear this expense himself." We held "appellant has clearly established his inability to pay for the transcript" and that the sources referred to by the trial court provided "no legal way of securing any funds * * * with which to pay for a transcript."

State v. Wright, 111 Iowa 621, 623, 624, 82 N.W. 1013, is an earlier decision similar to the Van Gorder case cited with approval there. The trial judge stated "he was satisfied defend-

ant [Wright] could procure means to pay for the" transcript. Defendant was able to procure bail and had relatives who owned property from which they might raise money for the transcript. In reversing denial of the transcript at county expense we observed, "While a moral obligation may require relatives to assist one another in such cases, we know of no legal rule requiring it, where, as in this case, the defendant is an adult."

Other Iowa cases involving a defendant's right to a transcript of the evidence at county expense are cited in the annotation in 100 A. L. R. 321, 327. See also State v. Horton, 223 Iowa 132, 272 N.W. 527, which affirms denial of a transcript at county expense where defendant voluntarily rendered himself financially unable to pay for it, and State v. Hill, 239 Iowa 675, 684–686, 32 N.W.2d 398, 403, 404, where defendant was a minor.

As in State v. Van Gorder, supra, the deposit of cash in lieu of bail by petitioner's mother, without legal obligation to do so, does not negative his inability to employ and pay counsel. See also as bearing on this Wright & Taylor v. Dougherty, 138 Iowa 195, 115 N.W. 908; Doty v. Braska, 138 Iowa 396, 116 N.W. 141; Simmons v. Beeson, 201 Iowa 144, 146, 206 N.W. 667; People v. Eggers, 27 Ill.2d 85, 188 N.E.2d 30; Williams v. Superior Court, 226 Cal. App.2d 666, 38 Cal. Rptr. 291.

The brief filed for respondent by the county attorney calls attention to a statement in the petition for reconsideration previously referred to that Mr. Lunde was willing to serve as counsel for petitioner whether the court ruled he was or was not indigent and therefore entitled to court-appointed counsel. The petition then states "in the absence of a definite ruling, the undersigned (Mr. Lunde) feels ethically compelled to withdraw from this case."

We do not feel the quoted statement, under the circumstances here, is sufficient basis for denial of court-appointed counsel nor did respondent so regard it. As stated, he recognized that an attorney should not be expected to defend an accused gratuitously. Mr. Lunde tells us in effect the statement was induced by his uncertainty that he could ethically withdraw from the case, in view of the Canons of Professional Ethics adopted by the American Bar Association, if the trial

court definitely ruled petitioner was or was not entitled to court-appointed counsel.

Canon 44 provides in part: "The right of an attorney or counsel to withdraw from employment, once assumed, arises only from good cause. * * * The lawyer should not throw up the unfinished task to the detriment of his client except for reasons of honor or self-respect."

We note also that at the commencement of the hearing as to petitioner's right to court-appointed counsel Mr. Lunde stated petitioner was legally indigent and unable to employ counsel, also that he (Lunde) was "willing to represent (petitioner) on a court-appointed basis, and being somewhat familiar with the case might well be the best person to appoint. But I am perfectly willing to step aside if it be agreeable with (petitioner) and if the court desires to appoint someone else to represent him."

Under the whole record we think Mr. Lunde did not indicate a willingness to serve as petitioner's counsel gratuitously nor should that be expected of an attorney.

There seems to be no contention that if an attorney should have been appointed it should be one other than Mr. Lunde. It is apparent he had spent a good deal of time on the case and was quite familiar with it. To appoint another attorney would result in unnecessary duplication of effort and at least partial loss of benefit from his preparing to defend petitioner and would be an abuse of discretion.

With direction to respondent to appoint Mr. Lunde as attorney for petitioner to assist in his defense, the writ of certiorari is sustained and the orders under review are annulled.—Writ sustained; orders annulled.

All JUSTICES concur.