**William Winfield BOLDS, Appellant,**

v.

**John E. BENNETT, Warden Iowa State Penitentiary, Fort Madison, Iowa, Appellee.**

**No. 52820.**

Supreme Court of Iowa.

June 11, 1968.

William Winfield Bolds, pro se.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Michael M. Phelan, Deputy County Atty., Fort Madison, for appellee.

RAWLINGS, Justice.

Acting pro se plaintiff, a state prisoner, sought original habeas corpus relief, and in like manner appeals from adverse judgment by trial court.

By virtue of the factual situation peculiar to the case at bar, we reverse.

Trial court granted plaintiff an evidentiary hearing without benefit of counsel. Then when appeal was taken his request for assistance of an attorney was denied, but what is designated as a transcript of proceedings on the habeas hearing was provided and is now before us. However, it does not include a copy of the pleadings filed, and is at best so sketchy and incomplete as to make proper determination of plaintiff's contentions, and issues involved, most difficult if not impossible.

It does appear plaintiff claims, among other things, treatment while incarcerated under original sentence was of such nature as to constitute cruel and inhuman punishment, compelling him to leave his work assignment; upon subsequent apprehension he was placed in solitary, held there incom-

municado and denied access to counsel; his admission of escape was induced without advice as to constitutional rights; when taken to court he was denied effective and meaningful representation by an attorney; his plea of guilty to escape was coerced, and he was forthwith sentenced to serve a consecutive term not to exceed five years in the penitentiary. It is contended that by reason of the foregoing plaintiff's constitutional and legal rights under Amendments 5, 6, 8, and 14 to the Constitution of the United States were violated. With regard to the foregoing see Haynes v. State of Washington, 373 U.S. 503, 512–514, 83 S.Ct. 1336, 1342–1343, 10 L. Ed.2d 513, and 53 Iowa L.Rev. 671.

The chronological course of events, *asserted by plaintiff on appeal*, appears to be substantially as follows.

September 25, 1962, plaintiff commenced serving a not to exceed seven year penitentiary term at Fort Madison for the crime of uttering a false instrument.

June 5, 1964, he was assigned outside work at Geode Park. A security guard there engaged in harassing activities, as a result of which plaintiff requested but was denied a change of assignment.

That this guard, attired in garb commonly associated with the Ku Klux Klan, on one or more occasions, sneaked his way to where plaintiff and other prisoners, apparently all Negroes, were located and when almost upon them would start hollering and screaming.

April 10, 1965, plaintiff was missing from the work detail.

July 19, 1965, he was apprehended, returned to the penal institution at Fort Madison, and there placed in solitary confinement.

July 20, 1965, without advice as to constitutional rights agents at the penitentiary questioned him. His request at that time for counsel was denied even though it is contended he could have employed an attorney if permitted to do so, and his mail was withheld.

Also on July 20th, a county attorney's information was filed charging escape, plaintiff taken to court, and there advised counsel had been appointed to represent him. That this designated attorney, in the course of a three minute conference, stated he was present for the sole purpose of representing plaintiff on a guilty plea. With this done the trial court promptly imposed a sentence of not to exceed five years to run consecutively with that being served.

May 24, 1967, plaintiff prepared and filed the subject habeas corpus petition.

July 11, 1967, hearing was held on plaintiff's request for habeas relief, he appearing pro se, defendant being present and represented by counsel.

July 14, 1967, trial court denied relief sought by plaintiff and remanded him to custody of the warden, Iowa State Penitentiary.

December 19, 1967, plaintiff appealed pro se from trial court's denial of habeas relief.

On the state of the record here presented, this court is neither called upon nor do we propose to consider or attempt a determination of possible constitutional rights involved. Rather we confine ourselves as best possible to a consideration of the factual situation viewed in the light of justice, equity and fairness.

I. As best we can determine, plaintiff's petition raised these issues: (1) failure to give the in-custody-preinterrogation Miranda warnings; (2) coercion of confession; and (3) ineffectiveness of assigned counsel. And grant of an evidentiary hearing means trial court did not deem the petition frivolous.

█ We are satisfied plaintiff asserted sufficient issues of both fact and law, and in the nature of deprivation of constitutional rights, to warrant the grant of such

hearing. In this respect trial court's action merits approval. No further comment on this subject is necessary.

However, with regard to the foregoing see Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422; Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 848–849, 9 L.Ed.2d 837; Townsend v. Sain, 372 U.S. 293, 310–319, 83 S.Ct. 745, 756–760, 9 L.Ed.2d 770; Walker v. Johnston, 312 U.S. 275, 285–287, 61 S.Ct. 574, 578–579, 85 L.Ed. 830; Smith v. Bennett, 365 U.S. 708, 713–714, 81 S.Ct. 895, 898, 6 L. Ed.2d 39; People v. Shipman, 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993, 995–996; State v. Tahash, Minn., 152 N.W.2d 301, 304–306; 80 Harv.L.Rev. 422; and American Bar Association Tentative Draft, Standards Relating to Post Conviction Remedies, section 4.6, page 72.

■ II. We turn now to the matter of representation of plaintiff by legal counsel in connection with trial court hearing on his habeas petition.

The record reveals presence and assistance of an attorney representing plaintiff at this crucial stage of the proceedings would have been helpful to both him and the court.

As aforesaid, the record is incomplete but does indicate plaintiff had or might have been able to obtain $100, if allowed to do so, with which to employ an attorney. That brings forth the matter of indigency.

As we said in Schmidt v. Uhlenhopp, 258 Iowa 771, 775, 140 N.W.2d 118: "Ability to employ counsel fairly implies ability to pay him reasonable compensation."

This is sufficient to indicate, at time of trial court hearing plaintiff was an indigent but for reasons previously disclosed we are unable to ascertain with any degree of certainty the extent of his resources, if any, and must leave determination of indigency to trial court on remand.

■ In weighing that issue some criteria should be employed.

Factors ordinarily to be considered are, ready availability of, (1) real or personal property owned; (2) employment benefits; (3) pensions, annuities, social security and unemployment compensation; (4) inheritances; (5) number of dependents; (6) outstanding debts; (7) seriousness of the charge; and (8) any other valuable resources not previously mentioned.

It is, of course, understood the term "ready availability", as here employed, denotes property, real or personal, of such nature and net value it will be immediately accepted in lieu of or as a fee by a legally qualified attorney of petitioner's choice, ready and willing to serve.

■ If upon hearing trial court finds petitioner is not indigent he must, for purpose of rehearing, be accorded full right to contact an attorney of his choice, and permission to consult with counsel by unrestricted correspondence, or personally, at such time as reasonably possible, wherever petitioner may be held or confined.

In connection herewith see Schmidt v. Uhlenhopp, supra; Hardy v. United States, 375 U.S. 277, 289, 84 S.Ct. 424, 431, 11 L. Ed.2d 331, Note 7; In re Smiley, 66 Cal.2d 606, 58 Cal.Rptr. 579, 427 P.2d 179, 186–189; State v. Tahash, Minn., 148 N.W.2d 557, 559–560; and 54 Ill.Bar J. 868.

■ III. On the other hand, if petitioner is found to be indigent, then by virtue of the situation here disclosed we find it proper and just that counsel be appointed to represent him on rehearing.

Touching on this subject the court said in Sanders v. United States, 373 U.S. 1, 21, 83 S.Ct. 1068, 1080, 10 L.Ed.2d 148, a case involving habeas relief: "* * * we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing. In this connection, the sentencing court might find it useful to appoint counsel to represent the applicant."

And in United States v. Wilkins (2 Cir.), 281 F.2d 707, 715, is found this pertinent statement: " * * * in certain circumstances the appointment of counsel to assist a prisoner in the presentation of his case is highly desirable. Where a petition for the writ presents a triable issue of fact the clear presentation of which requires an ability to organize factual data or to call witnesses and elicit testimony in a logical fashion it is much the better practice to assign counsel. Hodge v. Huff, 78 U.S. App.D.C. 329, 140 F.2d 686, certiorari denied 1944, 322 U.S. 733, 64 S.Ct. 946, 88 L.Ed. 1567; Ex parte Rosier, 1942, 76 U. S.App.D.C. 214, 133 F.2d 316, 333; cf. Thomas v. United States, 6 Cir., 1954, 217 F.2d 494. As we have ourselves implicitly recognized, rarely will a prisoner have sufficient ability or training to recognize the facts which are important to his case or to present his side of the dispute in an orderly manner. See, e.g., United States ex rel. Dennis v. Murphy, 2 Cir., 1959, 265 F.2d 57; United States v. Paglia, supra, 190 F. 2d 445. 'Lack of [such] technical competence * * * should not strangle consideration of a valid constitutional claim.' Brown v. Allen, supra, 344 U.S. 443, at page 502, 73 S.Ct. 397, at page 443, 97 L. Ed. 469.

"Upon some occasions, when complex factual data must be developed in order to support the prisoner's position, the assistance of counsel not only may be desirable but will be necessary if the prisoner's case is to be adequately presented. In such circumstances it may be reversible error for the district court to fail to appoint counsel to assist the applicant or to assure in other ways that the prisoner receives a fair and meaningful hearing."

In addition to authorities previously cited, see section 663.44, Code, 1966, as amended by chapter 410, Acts of the Sixty-Second General Assembly; Chambers v. District Court of Dubuque County, Iowa, 152 N.W.2d 818, 820–821; Gideon v. Wainwright, 372 U.S. 335, 341–345, 83 S.Ct. 792, 794–797, 9 L.Ed.2d 799; Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 196, 19 L.Ed.2d 41; Long v. District Court, 385 U.S. 192, 194, 87 S.Ct. 362, 364, 17 L.Ed.2d 290; Douglas v. People of the State of California, 372 U.S. 353, 356–358, 83 S.Ct. 814, 816–817, 9 L.Ed.2d 811; Lane v. Brown, 372 U.S. 477, 484–485, 83 S.Ct. 768, 773, 9 L.Ed.2d 892; Smith v. Bennett, 365 U.S. 708, 712, 81 S.Ct. 895, 897–898, 6 L. E.2d 39; Carnley v. Cochran, 369 U.S. 506, 515–516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70; Burns v. State of Ohio, 360 U.S. 252, 257, 79 S.Ct. 1164, 1168, 3 L.Ed.2d 1209; Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L.Ed. 1461; Roach v. Bennett, 392 F.2d 743 (8 Cir.), (Opinion filed April 15, 1968); LaClair v. United States (7 Cir.), 374 F.2d 486, 488; Harrell v. United States (7 Cir.), 371 F.2d 160, 165–166; People v. Shipman, 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993, 996–997; State v. Weeks, Fla., 166 So.2d 892, 894–897; 50 Iowa L.Rev. 1073, 1084; Institute on Recent Developments in Criminal Law, March 8, 1968, co-sponsored by the Iowa State Bar Association, University of Iowa College of Law, Drake University Law School, and Center for Continuing Education, II–1 to II–10, and III–6 to III–9; 19 University of Miami L.Rev. 432, 444; 13 U.C.L.A.L.Rev. 446; American Bar Association Tentative Draft, Standard Relating to Post Conviction Remedies, section 4.4, page 64; and 33 F.R.D. 384. But see Waldon v. District Court, 256 Iowa 1311, 1312–1315, 130 N.W.2d 728, and 50 Iowa L.Rev. 1246.

■ IV. Measured by standards of fair play and justice alone we are satisfied the hearing accorded plaintiff was inadequate. His claims turned upon alleged troublesome constitutional issues and complex factual matters, the legal significance of which were neither satisfactorily presented

nor soundly explored. Witnesses who could shed light on the situation were apparently not called, and plaintiff himself was in no position to do other than make oral declarations not attaining the status or dignity of evidence. His testimony could conceivably be most essential in a matter of this nature.

Clearly plaintiff was inexperienced in legal procedures, and his efforts were at best a poor substitute for any meaningful hearing.

By reason of the foregoing the trial court was placed in a difficult position, both during hearing and later in attempting to resolve the problems presented. Such a perfunctory and inadequate presentation of plaintiff's claims does not suffice.

We find plaintiff entitled to a new hearing on his petition for habeas relief, with aid of counsel retained by or appointed for him. In addition, any attorney so selected or appointed must be granted leave to file substituted or amended pleadings on his behalf.

V. Confining ourselves as aforesaid to the factual situation here revealed, we find no alternative but to reverse and remand this case to trial court with instructions to set aside and vacate prior judgment entered: and a determination be then made as to petitioner's financial status. If found not indigent he shall be allowed opportunity to engage services of an attorney. But, if found financially unable to employ an attorney, competent counsel shall be appointed to represent him. Any attorney so retained or appointed shall be permitted to file substituted or amended pleadings on petitioner's behalf, and a new evidentiary hearing held, after which trial court shall make and enter such findings of fact, conclusions of law and judgment as proper upon the evidence presented.

Reversed and remanded for further proceedings and new hearing as instructed.

STUART, MASON, BECKER, AND LeGRAND, JJ., concur.

MOORE, J., and GARFIELD, C. J. and LARSON and SNELL, JJ., concur specially.

MOORE, Justice.

I concur in the result in the case and wish to state my reasons.

Long before the Escobedo and Miranda opinions by the Supreme Court our statutes provided for appointment of defense attorneys prior to trial and on appeal of felony cases. Code sections 775.4 and 777.12. The 61st General Assembly in 1965 enacted the public defender law which is now chapter 336A, Code, 1966. Section 336A.7 authorizes appointment of other defense counsel both for trial and on appeal but makes no such provision in habeas corpus cases. This legislation was passed subsequent to our holding in Waldon v. District Court, 256 Iowa 1311, 130 N.W.2d 728, in which we recognize habeas corpus is a civil action and there is no provision in our law for appointment of counsel in a civil action. After reviewing both state and federal constitutional rights of the petitioner, we held in Waldon the State is not constitutionally bound to furnish counsel in a habeas corpus case. Our only post conviction remedy is that provided by habeas corpus under Code chapter 663.

It is well settled there is no constitutional right to representation by counsel in habeas corpus proceedings in the federal courts. Anderson v. Heinze, 9 Cir., 258 F.2d 479; United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 281 F.2d 707; Hampton v. State of Oklahoma, 10 Cir., 368 F.2d 9; LaClair v. United States, 7 Cir., 374 F.2d 486; Roach v. Bennett, 8 Cir., 392 F.2d 743, filed April 15, 1968. Most of these cases and also Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, recognize the trial court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing

and the court might find it useful to appoint counsel to represent the petitioner.

In the case at bar the trial court, in line with Waldon v. District Court, supra believed appointment of counsel was not permissible under any circumstances. As pointed out in the opinion filed herein the claimed facts are very unusual and make appointment of counsel most desirable.

I would modify our Waldon case only to the extent of vesting in the trial court the discretion of appointing counsel in such a case where the facts make such appointment desirable. If additional post convictions are to be furnished it is for the legislature to so provide.

Because of the particular facts in this case I agree it should be reversed and remanded.

GARFIELD, C. J., and LARSON and SNELL, JJ., join in this special concurrence.