**Harry Burke FRINK, Appellant,**

**v.**

**John E. BENNETT, Warden, Iowa State Penitentiary, Fort Madison, Appellee.**

**No. 53097.**

Supreme Court of Iowa.

Nov. 12, 1968.

William H. Napier, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., and James C. Sell, Asst. Atty. Gen., for appellee.

GARFIELD, Chief Justice.

This appeal of plaintiff, a prisoner in the penitentiary, from denial of his petition for a writ of habeas corpus raises a single question of claimed denial of his constitutional rights to equal protection of the laws and due process of law.

Plaintiff was indicted in Monroe county on February 16, 1962 for assault with intent to commit murder, in violation of section 690.6 Code 1962, committed December 14, 1961. Trial commenced March 14, 1962 and on March 19 the jury was discharged for failure to reach a verdict. March 30 the case was assigned for trial again on Monday, May 7. On April 26 plaintiff, claiming he was indigent, filed application that Monroe county furnish him a transcript of the evidence at the former trial. This application was denied.

The second trial resulted in plaintiff's conviction and the sentence he was serving when he sought release on habeas corpus. Defendant's appeal to this court from his conviction was affirmed March 12, 1963. State v. Frink, 255 Iowa 59, 120 N.W.2d 432, cert. den. 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150.

On June 23, 1965 plaintiff filed his petition for a writ of habeas corpus against the warden of the penitentiary based on 41 grounds, one of which was denial of his application for a transcript of the evidence at his first trial at the expense of Monroe county. This is the only ground now relied upon. Hearing on the petition was commenced July 13, 1965, continued at plaintiff's request and was not concluded until June 2, 1967. Relief was denied August 4, 1967.

I. The sole error assigned is that denial to plaintiff, said to be an indigent, of the transcript of the first trial was prejudicial to him and denied him equal protection of the laws and due process of law guaranteed to him by the constitutions of the state and nation.

While it is not the purpose of a habeas corpus proceeding brought by one convicted of crime to pass upon errors occurring in the trial court, denial of a constitutional right may constitute a jurisdictional defect reviewable on habeas corpus. Sewell v. Lainson, 244 Iowa 555, 565–566, 57 N.W.2d 556, 562; Scalf v. Bennett, 260 Iowa ——, 147 N.W.2d 860, 863–864; Ashby v. Haugh, 260 Iowa 1047, 1054, 152 N.W.2d 228, 232, cert. den. 389 U.S. 1056, 88 S.Ct. 809, 19 L.Ed.2d 855; Parrott v. Haugh, Iowa, 158 N.W.2d 766, 771 and citations.

Of course the burden rested upon plaintiff to prove by a preponderance of the evidence the allegations now relied upon of his petition for a writ of habeas corpus. Doerflein v. Bennett, 259 Iowa 785, 794, 145 N.W.2d 15, 21 and citations; Herold v. Haugh, 259 Iowa 667, 669, 145 N.W.2d 657, 658 and citations; Parrott v. Haugh, supra.

State v. Sefcheck, Iowa, 157 N.W.2d 128, 134, says: "Ordinarily when there is a claim of denial of constitutional rights we will accept and give effect to the trial court's determination of disputed facts if there is substantial evidence to support the trial court's finding. State v. Brant, Iowa, 150 N.W.2d 621, 625; State v. Gates, Iowa, 150 N.W.2d 617, 619 and citations. We find such substantial evidence here."

The statement is applicable here although, as plaintiff admits, the facts are virtually undisputed. In any event there is substantial support for the trial court's determination.

II. The trial court's denial of relief in this action was placed upon the grounds he was not satisfied plaintiff was an indigent at the time he applied for the transcript (of the first trial) at the expense of Monroe county and it was not shown his failure to have the transcript prior to the second trial was prejudicial to him.

Upon the question of the right of an accused to appointment of an attorney at public expense under section 775.4 Code 1962, we have held it is proper for the court to require a reasonable showing he is unable to employ counsel. The right of an accused to counsel under 775.4 has been likened to his right under 793.8 to a transcript of the evidence at county expense for purposes of appeal from his conviction. Schmidt v. Uhlenhopp, 258 Iowa 771, 775–777, 140 N.W.2d 118, 121–122. See also Chambers v. District Court of Dubuque County, Iowa, 152 N.W.2d 818, 820–821.

Our holding in Schmidt v. Uhlenhopp requiring a reasonable showing of inability of an accused to employ counsel is followed by this: "This is especially true in view of the fact a 'private' attorney had appeared for him for a month and petitioner was released on a fairly large cash deposit accepted as bail." (The deposit was $2500.)

This plaintiff employed an attorney of his own choosing who represented him throughout both trials of the criminal charge, the appeal to us from his conviction, and his petition to the Supreme Court for certiorari. The attorney lived in Des Moines and had been previously employed in one or more other matters by plaintiff's brother and sister who then lived there. Another attorney represents plaintiff in this proceeding and he too was privately employed. · It was originally agreed between plaintiff and the Des Moines attorney he should receive a fee of $2000 for his services, of which plaintiff paid $300 as a retainer. Plaintiff testified this was all he then had.

Plaintiff was a printer by trade, earning $180 to $200 a week, $10,000 a year. Until two days before the crime charged was committed, he had been working on a newspaper in Washington, D. C. He testified he worked 67 consecutive days without a break. Before that plaintiff worked about two years for the Chicago Tribune. Shortly before the preliminary hearing in magistrate's court on the crime charged plaintiff said in the presence of the prosecuting attorney he was making $10,000 a year, that he'd make bond and get out of Albia (Monroe county) as soon as the preliminary hearing was over.

Following plaintiff's conviction at his second trial he posted bail bond in the sum of $2500, was released from custody, and went to work in Omaha. Plaintiff testified he paid for the transcript of the first trial, prepared in March, 1963, although he borrowed $50 of the cost from his brother and had not repaid the loan at the time of the hearing in habeas corpus. Transcript of the second trial, prepared in August, 1962, was furnished plaintiff for purposes of his appeal to us. Plaintiff's sister paid for printing the record on appeal.

Considering the fact plaintiff alleged and had the burden to prove he was unable to pay for the transcript at the time he applied for it at county expense, we are not persuaded the trial court's finding the showing of such inability was insufficient should be disturbed.

We may add that plaintiff's present attorney told us in oral argument the application for the transcript was not presented to the Monroe county court until the last day or two of the week preceding the Monday when the second trial was to commence. There is evidence that time to prepare the transcript before commencement of the trial was then wholly insufficient, and this seems obvious. No continuance of the trial was sought. Nor is it claimed here that plaintiff's then attorney did not effectively represent him.

III. As before indicated, the trial court also held that if it were assumed plaintiff was indigent when he applied for the transcript, there was no showing failure to then furnish it was prejudicial to him.

The petition in habeas corpus alleged failure to furnish the transcript deprived plaintiff of an effective appeal from his conviction and kept him from objecting to

the state's evidence and the conduct of the court during the second trial. As stated, the sole assigned error here is that denial of the transcript to an alleged indigent was prejudicial to him and a denial of equal protection of the laws and due process.

■ That it was necessary for plaintiff to show denial of the transcript was prejudicial to him under the circumstances of the case, see Doerflein v. Bennett, supra 259 Iowa 785, 795–796, 145 N.W.2d 15, 22 and citations, involving claimed denial of another constitutional right. Upon the reasoning there approved it would seem the prejudice from denial of the transcript must have been such as to infect the second trial with an absence of "that fundamental fairness essential to the very concept of justice." And as indicated, this "determination necessarily depends upon all the circumstances of the case."

■ The record furnishes substantial support for the trial court's finding on the question of prejudice from failure to furnish the transcript.

As before stated, plaintiff's Des Moines attorney defended him at both trials. Also, the "hung jury" was discharged March 19 and the second trial commenced May 7, after having been assigned for that date on March 30. A different judge with his own court reporter presided at the second trial. However, the reporter who took down in shorthand the testimony at the first trial was present at the second one with his shorthand record evidently by arrangement with plaintiff's counsel. The latter consulted the reporter who read his notes to him whenever counsel so requested during the trial. The court granted a recess for such purpose when it was requested.

The transcript of the testimony at each trial was offered in evidence at the habeas corpus hearing. We have read them both (as well as the transcript of the testimony at the habeas hearing.) The state used the same witnesses at both trials. Plaintiff (defendant there) testified in his own de-

fense only at the second trial. The transcript of the second trial indicates his counsel was familiar with the testimony at the former trial and cross-examined the state's witnesses concerning claimed discrepancies in it when this was deemed wise.

The principal discrepancies in the testimony at the two trials are set out in the printed record of the hearing in habeas corpus. Without extending this opinion to point them out here we may say they appear to be relatively unimportant. That counsel so regarded them and did not feel denial of the transcript was a substantial factor in leading to plaintiff's conviction are indicated by the fact the ruling of which complaint is now made was not assigned as error upon appeal to this court from the conviction. The ruling was first called to our attention in the petition for rehearing after the conviction was affirmed and the discrepancies then claimed were there pointed out. A few additional ones are now pointed out.

It is worthy of mention that the state also had no transcript of the testimony at the first trial for its use before and during the second trial. In fact no such transcript was prepared until after the appeal was taken from the conviction.

We are not called upon to decide whether under some circumstances denial to an indigent of a transcript at public expense of testimony at a former trial where a verdict is not reached might amount to denial of equal protection of the laws or due process of law if a subsequent trial results in his conviction.

See in support of the result we reach Perbetsky v. State, Tex.Cr.App., 429 S.W. 2d 471, 474.

We deem it unnecessary to discuss the precedents plaintiff has cited to us. They are Weaver v. Herrick, 258 Iowa 796, 140 N.W.2d 178; Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed. 2d 290; and Bolds v. Bennett, Iowa, 159

N.W.2d 425. We find nothing in them in conflict with our holding here.

The denial of the petition in habeas corpus is

Affirmed.

All Justices concur.