Genevieve E. BAILEY, Petitioner,

v.

Jack F. BRODERICK and Phillip T. Steffen, Judges of the Municipal Court, City of Davenport, Iowa, Respondents.

No. 55855.

Supreme Court of Iowa.

Nov. 14, 1973.

Michael W. Liebbe, Davenport, for petitioner.

Richard C. Turner, Atty. Gen., Lorna L. Williams, Sp. Asst. Atty. Gen., Edward N. Wehr, Scott County Atty., and Ralph D. Beal, Davenport City Atty., for respondents.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP, and McCORMICK, JJ.

UHLENHOPP, Justice.

This certiorari proceeding turns on whether petitioner Genevieve E. Bailey was legally held in contempt for failure to obtain counsel in a criminal prosecution.

Mrs. Bailey lives with her five children and receives $262 monthly as Aid to Dependent Children (ADC). She earns $64 weekly. She is separated from her husband and does not receive assistance from

him. She was charged by preliminary information in Davenport Municipal Court with accepting ADC under false pretenses, punishable by a fine not exceeding $500 or confinement to jail not exceeding three months, or both, under § 239.14, Code 1973.

On August 16, 1972, Mrs. Bailey appeared without counsel before Judge Jack F. Broderick in Davenport Municipal Court. Judge Broderick set bond at $500. A friend obtained a surety bond for Mrs. Bailey, which was posted. She was released.

On August 18, 1972, Mrs. Bailey again appeared before Judge Broderick without counsel. Judge Broderick bound her over. She remained at bail.

On September 7, 1972, an assistant county attorney charged Mrs. Bailey by county attorney's information in municipal court with the crime in question. Mrs. Bailey appeared for arraignment that day before Judge Steffen, who made this docket entry:

> Defendant appeared in court in person and without counsel, and stated she elected to proceed without counsel because she could not afford counsel. Matter continued for one week until September 14, 1972 at 10:30 A.M. for the purpose of Defendant securing counsel. Defendant acknowledged receipt of copy of County Attorney's Information; defendant charged in her true and correct name; waived reading of the Information; Bond to remain the same.

On September 14, 1972, Mrs. Bailey had not obtained counsel and Judge Steffen gave her until September 21, 1972, to do so. On the latter date she had not obtained counsel, and Judge Steffen gave her until September 28, 1972, to do so or "be prepared to receive a 30 day jail sentence for contempt of court." On the latter date she had not obtained counsel and Judge Steffen gave her until October 5, 1972, to do so. The docket entry on this occasion states:

> Defendant appeared in Court in person and without counsel. This matter is continued until October 5, 1972 at 10:30 A.M. with the notation to Judge Broderick that it is the feeling of Judge Steffen that the Defendant should receive a 30 day jail sentence for contempt of Court, but in the last analysis is willing to let Judge Broderick make a determination on that, as a last ditch effort. Bond to remain the same. She apparently refuses (claims no money) to obtain counsel, and Court has refused to appoint an attorney, as she is out on bond, & is charged with perpetrating a welfare fraud upon the Iowa taxpayers.

On October 5, 1972, Mrs. Bailey had not obtained counsel. She appeared before Judge Broderick, who found her in contempt and sentenced her to jail for 30 days, with the notation on the docket that if she obtained an attorney in the criminal case the balance of the sentence would be suspended.

Mrs. Bailey was taken to jail, and after she had been there about five hours her present attorney entered an appearance for her in the criminal case. She was thereupon released from jail. Her counsel then obtained a continuance of the criminal case and petitioned this court for a writ of certiorari to test the legality of the contempt order. We granted a writ and stayed proceedings in the criminal case.

The record is meager, but from such as there is and from the parties' legal arguments these issues emerge: (1) Was Mrs. Bailey denied counsel at public expense on legal grounds? (2) Did the judges proceed legally to ascertain whether Mrs. Bailey was entitled to counsel at public expense? (3) Has the contempt matter become moot by the appearance of counsel for Mrs. Bailey?

■ At the outset, we note that Mrs. Bailey was entitled to counsel at public expense if she was financially unable to obtain counsel. Gideon v. Wainwright, 372

U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. The judges recognized that Mrs. Bailey should have counsel as shown by their entries requiring her to get counsel. This is not a case in which the accused actually did not desire counsel. The docket entries do not expressly state that she requested appointment of counsel, but this is the clear import of them. The docket does expressly show, however, that Judge Steffen refused to appoint counsel for her. She and Judge Steffen became deadlocked; she did not retain counsel, claiming she had no money, and Judge Steffen did not appoint counsel, for reasons which we will consider.

■ Mrs. Bailey could not appeal from the contempt order, but she could petition for a writ of certiorari, as she did. Code 1973, § 665.11. Under such a writ, she is entitled to relief if she shows illegality or lack of jurisdiction. Rule 306, Rules of Civil Procedure. If she was entitled to but not provided assigned counsel, then illegality, and not mere error of law, appears. Schmidt v. Uhlenhopp, 258 Iowa 771, 140 N.W.2d 118.

I. *Grounds for Denying Counsel.* Did Judge Steffen, and Judge Broderick who actually imposed the punishment, base denial of counsel at public expense on legal grounds?

The grounds are set forth in the entry of September 28: "Court has refused to appoint an attorney, *as she is out on bond, & is charged with perpetrating a welfare fraud upon the Iowa taxpayers.*" (Italics added.)

■ The second of the italicized grounds—that she is charged with a welfare fraud—obviously constitutes no basis for denying counsel. Defendants are not granted or denied counsel on the basis of the nature of the charges against them. Indeed, the more heinous the offense charged, the greater the need for counsel to assist the accused in pointing out any weaknesses in the prosecutor's case and any favorable aspects of the defense.

■ Neither does the first of the italicized grounds constitute a legal basis. A friend had obtained a bail bond, but nothing indicates the friend was under any obligation to provide Mrs. Bailey with either bail or counsel. This particular issue was decided in Schmidt v. Uhlenhopp, 258 Iowa 771, 777, 140 N.W.2d 118, 122. There the defendant's mother posted cash bail of $2,500. This court said that "the deposit of cash in lieu of bail by petitioner's mother, without legal obligation to do so, does not negative his inability to employ and pay counsel."

The denial of counsel here was not on legal grounds.

II. *Ascertaining Entitlement to Counsel.* When Mrs. Bailey appeared for arraignment and stated she could not afford counsel, Judge Steffen continued the matter for the purpose of Mrs. Bailey's obtaining counsel, and when she subsequently appeared without counsel, he ordered her to obtain counsel. Was this a legal course of action for him to take?

Section 775.4 of the Code provides:

If the defendant appears for arraignment without counsel, he must, before proceeding therewith, be informed by the court of his right thereto, and be asked if he desires counsel; and if he does, and is unable to employ any, the court must allow him to select or assign him counsel, not exceeding two, who shall have free access to him at all reasonable hours.

See Wright v. Denato, 178 N.W.2d 339 (Iowa). This court held that it is proper under the statute for a trial court "to require a reasonable showing that petitioner was unable to employ counsel." Schmidt v. Uhlenhopp, 258 Iowa 771 at 775, 140 N.W.2d 118 at 121.

■ When Mrs. Bailey appeared without counsel and said she could not af-

ford one, the law required Judge Steffen to ascertain whether in fact she was without available financial resources to obtain counsel or, in the language of the statute, whether she was "unable to employ any". He could require a reasonable showing of her inability to do so. Accordingly to the docket, however, neither Judge Steffen nor Judge Broderick ascertained whether Mrs. Bailey was able to obtain counsel or afforded her an opportunity to make such a showing. In this they acted illegally.

III. *Mootness.* The Attorney General contends for respondents that counsel has now appeared for Mrs. Bailey in the criminal case and that she has been released from jail. Hence the contempt matter is moot.

Mrs. Bailey's attorney states, however, that he did not enter an appearance to defend against the criminal charges but rather to prosecute the present certiorari proceeding, and that he obtained a continuance of the criminal case for that purpose. The contempt order does not state that Mrs. Bailey shall be "exonerated" of contempt if she obtains an attorney in the criminal case, but that the balance of the sentence will be "suspended".

We take Mrs. Bailey's counsel at his word that he is not representing her in the criminal case but rather in this certiorari proceeding and that at the conclusion of this proceeding his present representation will end. The criminal case will go forward, Mrs. Bailey will be without counsel, the suspension of the contempt order will terminate, and, but for this certiorari proceeding, Mrs. Bailey would face further incarceration.

■■ Cases are moot "in which determination is sought of an abstract question which does not rest upon existing facts or rights" or in which "in reality there is no actual controversy existing." 5 Am.Jur.2d Appeal & Error § 762 at 204. See also Van Heukelom v. Black Hawk Hotels Corp., 222 Iowa 1033, 270 N.W. 16; 4 C.J.

S. Appeal & Error § 40 at 153–155. An actual controversy exists here, for the contempt order is still viable.

■ Cases involving the public interest may be decided although moot as between the parties, but we need not consider that doctrine as this case is not moot between the parties. Neither do we intimate that a defendant who does not desire counsel can be held in contempt for failure to obtain counsel. He has a right to waive counsel.

■ We hold that respondent judges acted illegally and that the contempt matter is not moot. Mrs. Bailey is entitled to an opportunity in the criminal case to make a reasonable showing that she is unable to obtain counsel. If she makes such a showing, she is entitled to have counsel appointed at public expense. See Code 1973, §§ 336B.1, 336B.2; Bolds v. Bennett, 159 N.W.2d 425, 428 (Iowa); Anaya v. Baker, 427 F.2d 73, 74–75 (10 Cir.).

Writ sustained.