In the Matter of Jolene Kay JACOBS
and Gerald Lee Jacobs, Jr., Minors,

Gerald Lee Jacobs, Sr., Appellant.

No. 65226.

Supreme Court of Iowa.

Aug. 26, 1981.

Rehearing Denied Sept. 17, 1981.

Bob Heimer, of HELP-Legal Assistance, Davenport, for appellant.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

We granted an appeal from trial court's interlocutory ruling denying the natural father a court-appointed lawyer in this proceeding to terminate parental rights under chapter 600A, The Code 1979. The father, Gerald Lee Jacobs, Sr., asserts he is indi-

gent and entitled to court-appointed counsel under the due process and equal protection clauses of the United States and Iowa constitutions. Because we affirm on the ground his indigency is not established, we do not reach the constitutional issues.

March 24, 1980, Karen K. Jacobs, the natural mother and custodial parent of Jolene Kay Jacobs and Gerald Lee Jacobs, Jr., filed a petition to terminate the parental rights of Gerald Lee Jacobs, Sr., pursuant to chapter 600A, The Code. She alleged

[t]hat the natural Father herein has abandoned the aforementioned children since he has not had any contact with the two children since June of 1979, to-wit: He has made no effort to see the children through personal contact, telephone, cards or letters, and further, has failed to give gifts or pay any child support whatsoever.

Cf. *Klobnock v. Abbott*, 303 N.W.2d 149, 152–53 (Iowa 1981) (parental rights terminated under section 600A.8(4) for failure to pay child support).

Hearing on the petition was set for April 28, 1980. After the hearing, an order was filed reciting that the father appeared pro se and "should be represented by counsel." An attorney was appointed as guardian ad litem for the children. Trial court continued the proceeding until May 19, 1980, to provide the guardian ad litem an opportunity to prepare and the father "an opportunity to obtain counsel."

May 19, 1980, the father filed a "Motion Requesting Appointment of Counsel" that alleged he was an indigent person within the meaning of section 336A.4, The Code. His supporting affidavit stated he was then single and earning $140 net per week, although he had been unemployed from March 1978 until January 15, 1980. The affidavit further alleged he had $200 in personal property, no auto, and owed $300 on a loan. The father asserted he was obligated to pay child support of $20 per week for each of his children. He itemized the following monthly expenses: rent, $215; meals and food, $130; clothing, $20; transportation, $44; miscellaneous, $20; child

support, $172. Filed with the motion was an extensive brief prepared by the Davenport office of the Legal Services Corporation of Iowa. The brief recited that although it was prepared by an attorney for HELP Legal Aid the attorney was not appearing for the father in the termination proceeding, but only for the limited purpose of helping him secure court-appointed counsel. See *Bailey v. Broderick*, 212 N.W.2d 395, 399 (Iowa 1973).

May 30, 1980, trial court entered a ruling denying the father's motion. The court specifically found the father's affidavit "shows that he has $177.00 left after all expenses are paid." As a further ground for denial, trial court noted chapter 600A has no provision for court-appointed counsel.

June 26, 1980, the father served an application for an appeal from the interlocutory order, pro se, "with the assistance of attorney Bob Heimer [of HELP Legal Aid]." The mother's resistance filed in this court recited the father had not been paying child support, had been living with a member of his family, and proposed that the matter be remanded to district court to receive evidence on the truthfulness of the father's affidavit.

Nonetheless, we granted the father's motion. His brief and the appendix have been prepared by attorney Heimer. A communication from the mother's district court counsel, responding to our clerk's notice, asserted the mother is "truly . . . indigent," that the "Legal Aid refused [to help her] since they represent the moving party in this appeal," and that she would "not be filing a brief nor appearing for oral argument."

The father's brief filed here raises two issues. (1) Did the father demonstrate he was indigent for the purposes of establishing a right to appointed counsel, and did trial court thus err in finding he had sufficient funds to retain counsel? (2) Does chapter 600A, The Code, or the due process and equal protection clauses of the Iowa and United States constitutions require appointment of counsel for indigent respon-

dents in actions to terminate parental rights?

■ I. Although an indigent in certain circumstances may have a constitutional right to court-appointed counsel in a proceeding to sever parental rights, *Lassiter v. Department of Social Services of Durham County, North Carolina,* —— U.S. ——, ——, 101 S.Ct. 2153, 2161–62, 68 L.Ed.2d 640, 651–52 (1981), we do not reach that issue unless this father is indigent. *Cf. Hightower v. Peterson,* 235 N.W.2d 313, 315 (Iowa 1975) (no constitutional right to fee waiver unless indigency established). He must carry the burden to establish the indigency allegations of his motion. *See State v. Smith,* 262 N.W.2d 567, 573 (Iowa 1978) (showing sufficient to establish indigency); *Hightower,* 235 at 318 (applicant for waiver of filing fee "must make a clear showing" and "[t]he court must be satisfied that the indigency is genuine"); *Schmidt v. Uhlenhopp,* 258 Iowa 771, 775, 140 N.W.2d 118, 121 (1966).

Because constitutional rights are implicated, we make our own evaluation of indigency based on the totality of circumstances disclosed in the skimpy record before us. *Hightower,* 235 N.W.2d at 317; *see Smith,* 262 N.W.2d at 573.

■ In *Hightower,* 235 N.W.2d at 318, a civil proceeding, we referred to section 336A.4, The Code, which relevantly provides:

> [A]n indigent shall be any person who would be unable to retain in his behalf, legal counsel without prejudicing his financial ability to provide economic necessities for himself or his family.

This provision, of course, relates to criminal proceedings and is found in the code chapter authorizing public defenders. But the determination of indigency for civil proceeding purposes should turn on similar criteria.

Factors ordinarily to be considered are, ready availability of, (1) real or personal property owned; (2) employment benefits; (3) pensions, annuities, social security and unemployment compensation; (4) inheritances; (5) number of dependents; (6) outstanding debts; (7) seriousness of the charge; and (8) any other valuable resources not previously mentioned.

*Smith,* 262 N.W.2d at 573 (quoting *Bolds v. Bennett,* 159 N.W.2d 425, 428 (Iowa 1968)).

■ Here trial court apparently calculated the father had $177 per month in available funds by multiplying his stated $140 weekly net pay by 4.33, representing the number of weeks in a month, and then subtracting from that result all of the $429 in itemized monthly expenses, excluding child support. Therefore, trial court must have believed the allegations of the mother's verified petition that the father was not paying child support. This conclusion is not dispelled by the argument in the father's brief that the mother's claim of nonpayment, "if correct," would require the father to be represented by counsel so that he could "reach an informed decision as to whether he should testify in the juvenile court proceeding, seek immunity, or attempt to limit his potential for self-incrimination in some other way." [1]

Nevertheless, it is sufficiently clear, based on the facts before us, that this unmarried father is earning approximately $8000 to $9000 in gross wages and has no car expense. According to attorney Heimer's statements on the oral submission of this appeal, the father is earning more than 125 percent of the poverty level index, thus under Legal Service's regulations it cannot assist him. The anomaly presented, of course, is a federally financed organization designed to help poor people conceding this person is not poor enough to secure its assistance but nonetheless arguing he *is* poor enough to merit locally financed legal counsel.

■ Here we are confronted, as was the district court, with the mother's verified

---

1. The brief points out that the statements in the petition may allege a class "D" felony of non-   support under § 726.5, The Code 1979.

petition stating this father was not paying child support. This statement under oath rises to the dignity of an affidavit. *See Callenius v. Blair*, 309 N.W.2d 415, 417 (Iowa 1981); *Dalby Brothers Lumber Co. v. Crispin*, 234 Iowa 151, 155–58, 12 N.W.2d 277, 279–80 (1943). We also have before us the father's affidavit supporting his motion, reciting his "obligation" to pay child support, and listing that support as one of his monthly expenses. He made no claim he paid any support during the period of his employment. The father seeks to have this case treated as a chapter 232 severance proceeding for the purposes of securing court-appointed counsel, but neglects to furnish the complete information that sections 336B.1(3) and 336B.2 require as a basis for such appointment. We find the father's affidavit is not the full financial statement required to permit the court to determine that he should have legal assistance at public expense. *See* §§ 336B.1(3); 336B.2, The Code.

We hold Jacobs has not carried the burden to establish his indigency.

II. Because proof in this case fails to demonstrate indigency, we are not required to address the second issue stated above. Nothing we have said in this opinion is intended to determine Jacobs' present status as to indigency, nor to prevent his further motion for court-appointed counsel.

We affirm the ruling below and remand for further proceedings.

AFFIRMED AND REMANDED.