DeCARLO, Judge.
On August 12, 1976, Bernard Ino Butler, the appellant, filed in the Circuit Court of Montgomery County, Alabama, a petition for habeas corpus, directed to the Sheriff of Montgomery County, under whose control the petitioner was being confined in the county jail as a state prisoner. The petitioner was being confined under a judgment of conviction of the Circuit Court of Montgomery County for the offense of carnal knowledge with a sentence of twenty years. The writ was issued by the trial judge, and on September 8, 1976, a hearing was held and testimony taken. Following a finding of fact, the court denied the petition, and it is from this judgment the petitioner appeals.
The progress of the petitioner’s case was as follows: after affirmance by the Alabama Court of Criminal Appeals, on May 27, 1975, of the judgment and conviction, and after denial of application for rehearing, certiorari was denied by the Alabama Supreme Court on July 31, 1975; subsequently a review by petition of certiorari to the Supreme Court of the United States was sought, and it was denied on December 1, 1975. Butler v. State, 55 Ala.App. 421, 316 So.2d 348, cert. denied 294 Ala. 754, 316 So.2d 355, cert. denied 423 U.S. 996, 96 S.Ct. 424, 46 L.Ed.2d 370. Approximately two weeks later petitioner surrendered to the sheriff of Montgomery County, and since that date has been confined in the county jail. In August of 1976, the petitioner presented a petition for habeas corpus, and it is now under review.
In the habeas corpus proceedings, the petitioner testified that he was fifty-eight years of age and was a retired Lieutenant Colonel in the Air Force with twenty-two years of military service. After serving as a pilot and “communications electronic staff officer,” he was honorably discharged, and had no prior convictions of any type. Butler stated that he lived in a home that he and his wife owned in Montgomery, Alabama, but since his surrender to the Montgomery County authorities on December 17, 1975, he has been confined as a state prisoner in the county jail. He testified there was no violence involved in the carnal knowledge case and alleged that it related solely to prostitution on the part of the prosecuting witness.
The district attorney of Montgomery County was called and he stipulated that Mary Croom was the prosecutrix in five cases, including the case of carnal knowledge against the petitioner and stipulated to the correctness of the docket entries.
The appellant’s petition contains the following summation of the records:
“. . . [Ijndictments were returned against four (4) other persons for carnal knowledge of the same Mary Croom, prosecutrix in the case against this Petitioner, only one (1) of such persons was *205 ever brought to trial, Eugene Sexton, and when his ten (10) year conviction was reversed by the Alabama Court of Criminal Appeals, on the technicality of improper cross-examination of that defendant’s character witnesses, the case was never tried, again, and was nol prossed by the said District Attorney, James H. Evans, on his motion, that is, on April 28, 1976. (Case No. 9596, this Court, Eugene Sexton, defendant) The same charge against defendant Mack Arthur Petta-way, No. 9594, was altered by the same Judge D. W. Crosland, to read: ‘over 12 and under 16,’ as to the age of the prose-cutrix, Mary Croom, the same prosecutrix in the Petitioner’s case, on April 2, 1974, and said defendant was placed on five (5) years probation, on plea of guilty to the reduced charge. Defendant Fate Thomas, case No. 9602, charged with carnal knowledge of the same Mary Croom, had the charge reduced by the same Judge D. W. Crosland to ‘Child molestation,’ and said defendant was sentenced to two (2) years in the County jail. The case against J. D. Smith, No. 9599, involving the same charge of carnal knowledge of said Mary Croom, was continued until May 21, 1974, when it abated due to the death of the defendant.”
I
Under Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, it is within our province that we consider the petition for writ of habeas corpus which is now before us as a petition for leave to file a petition for writ of error coram nobis in the trial court. After being so considered, we now move to the only insistance of error.
II
The appellant’s petition contends that the State, after his conviction, reduced the charges against two defendants who plead guilty to the reduced charges, and that the third case was nol prossed on motion of the State after reversal by the Alabama Court of Criminal Appeals. The fourth case was abated by the death of the defendant. It is maintained that this action by the State in these cases, coupled with the imposition of a lesser sentence in each case of less than five years, constitutes unlawful discrimination. Counsel argues that the denial of the petition for habeas corpus based on such discrimination was a violation of the Fourteenth Amendment of the Constitution of the United States.
We note that the courts of Alabama recognize a strong public policy against the discriminatory application of the law. We also recognize that a heavy burden rests with the defendant to establish conscious, intentional discrimination. Simonetti v. Birmingham, 55 Ala.App. 163, 314 So.2d 83. From the facts developed in the Simonetti trial, this Court found that the appellant had fully carried that burden. It was shown that the local law enforcement officers were not uniformly enforcing the Sunday closing laws.
The basis for the petitioner’s claim is that of the four other defendants who were similarly charged with carnally knowing the same prosecutrix: one was given two years on a reduced charge of child molestation and confined in the county jail for two years; the second was placed on probation for five years on a plea of guilty to a reduced charge; the third was nol prossed after reversal by the Court of Criminal Appeals; and the fourth was abated by the death of the defendant. Although it may be argued that the appellant has received disparate treatment, it must be noted that the appellant was represented by retained counsel and tried in a court of competent jurisdiction by a jury of his peers. It was that jury that assessed the punishment of twenty years. As a matter of law, we cannot review the propriety of the sentence since the sentence was within the statutory limits. Philpot v. State, 43 Ala.App. 326, 190 So.2d 293; Nesbitt v. State, Ala.Cr.App., 343 So.2d 1240 (1977).
The circumstances surrounding the cases on which the petitioner’s equal protection claim is based were not shown to be the same as the circumstances involved in the *206 petitioner’s case. Specifically, the petitioner failed to show that no justification for nol prossing the case against one defendant existed. No showing was made that the prosecutrix was not older than twelve years of age at the time of the offense charged against the other two defendants. The trial court made the following finding of fact:
“1. That Petitioner, Bernard Ino Butler, was charged in case No. 9584 with the offense of carnal knowledge of one Mary Croom, a girl under the age of twelve years.
“2. That on March 21,1974, a jury found the Petitioner, Bernard Ino Butler, guilty in case No. 9584 of the offense of carnal knowledge of one Mary Croom, a girl under the age of twelve years, and fixed his punishment at twenty years confinement in the penitentiary.
“3. That Eugene Sexton was charged in case No. 9596 with the offense of carnal knowledge on one Mary Croom, a girl under the age of twelve years.
“4. That on June 11, 1974, a jury found Eugene Sexton guilty in case No. 9596 of the offense of carnal knowledge of one Mary Croom, a girl under the age of twelve years, and fixed his punishment at ten years confinement in the penitentiary-
“5. That the conviction in case No. 9596 of Eugene Sexton was subsequently reversed by the Court of Criminal Appeals. “6. That case No. 9596 was subsequently nol prossed on motion of the State and that Eugene Sexton subsequently plead guilty in case No. 9597 to the offense of carnal knowledge of Shirley Marie White, a girl over twelve and under the age of sixteen years of age, and was sentenced to five years in the penitentiary.
“7. That the five (5) year sentence in case No. 9597 was suspended on that Eugene Sexton was placed on probation. “8. That Mack Arthur Pettaway was charged in case No. 9594 with the offense of carnal knowledge of one Mary Croom, a girl under the age of twelve years. “9. That Mack Arthur Pettaway plead guilty in case No. 9594 to the offense of carnal knowledge of one Mary Croom, a girl over twelve and under sixteen years of age, and was sentenced to five years in the penitentiary.
“10. That the five year sentence in case No. 9594 was suspended and that Mack Arthur Pettaway was placed on probation.
“11. That Fate Thomas was charged in case No. 9602 with the offense of carnal knowledge of one Mary Croom, a girl under the age of twelve years.
“12. That Fate Thomas plead guilty on case No. 9602 to the offense of molestation of a child, one Mary Croom, a child under sixteen years of age, and was sentenced to two years in the penitentiary. “13. That probation was denied in case No. 9602.
“14. That J. D. Smith was charged in case No. 9599 with carnal knowledge of one Mary Croom, a girl under the age of twelve years.
“15. That case No. 9599 was continued until May 21, 1974, when it abated due to the death of J. D. Smith.
“16. That Mary Croom, the victim on case Nos. 9584, 9596, 9594, 9602, and 9599 is one and the same person.
“The Court does not find any evidence that the offenses of carnal knowledge in case Nos. 9584, 9596, 9594, 9602, and 9599 occurred simultaneously, or that the same evidence could have been used to prove all the cases, or that these were the same offenses.
“The Court does not find any unconstitutional discrimination in the application of Title 14, § 398.”
Appellant insists that the carnal knowledge statute was not fairly applied in the several cases involving the same prosecu-trix, and this was an unconstitutional discrimination.
Selective enforcement per se is not constitutionally impermissible. However, when that selective enforcement is designed to prosecute a person without any intention of general enforcement, then it is a violation. People v. Utica Daw’s Drug Co., 16 *207 A.D.2d 12, 225 N.Y.S.2d 128; Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446.
Discriminatory enforcement viola-tive of the Fourteenth Amendment requires a showing of intentional and purposeful selection based on an unjustifiable standard. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497. The mere showing that the appellant received a heavier sentence than the others charged does not show unconstitutional discrimination viola-tive of the Fourteenth Amendment.
The appellant was convicted of carnally knowing a girl under the age of twelve years by a jury which fixed his punishment at twenty years imprisonment. The fact that the others were convicted on their pleas of guilty for lesser charges does not minimize the appellant’s charge or the damage done to society. The jury who fixed Butler’s punishment obviously shared that view.
In our judgment the evidence was insufficient to justify any relief by way of error coram nobis, and the Circuit Judge’s action in denying the petition is affirmed.
AFFIRMED.
TYSON, P. J., and HARRIS and BOWEN, JJ., concur.
BOOKOUT, J., concurs specially.