STATE of Iowa, Appellee,

v.

Darrell Darwin THOMPSON, Appellant.

No. 59801.

Supreme Court of Iowa.

May 25, 1977.

John A. Pabst, Albia, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Michael G. Trier, County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

This appeal presents the question whether § 769.8, The Code, permits a full-time magistrate to approve a county attorney's information. We hold it does not, and we therefore reverse defendant's conviction with instructions that the trial court enter an order dismissing the information under which this prosecution took place.

I. On June 7, 1976, the county attorney of Jasper County filed an information accusing defendant of the crime of operating a motor vehicle while under the influence of an alcoholic beverage in violation of § 321.-281, The Code, 1975. The information was submitted to and approved by A. C. Omer, a full-time magistrate in Jasper County.

Defendant filed a motion asking that the information be dismissed because it had not been approved by a district judge or district associate judge under § 769.8, which provides as follows:

"The [county attorney's] information, before being filed, shall be presented to a district judge or district associate judge of the county having jurisdiction of the offense, which judge shall endorse his approval or disapproval thereon. If the information receive the approval of the judge, the same shall be filed. If not

approved, the charge shall be presented to the next grand jury for consideration."

His motion was overruled. He asked for a writ of certiorari to this court to test that decision. His petition was denied on condition he could raise the issue on appeal from a final adverse judgment. The matter is therefore properly before us.

■ Magistrate Omer is not a district judge. Neither is he an associate district judge. He is, rather, a full-time judicial magistrate serving pursuant to the authority contained in Chapter 602, The Code. (*See* § 602.42 *et seq.*)

Although magistrates perform many judicial functions and although they have authority to do many of the things district and associate district judges may do, we recently held there are many distinctions in the several offices. In *Warren County v. Judges of Fifth Judicial Dist.*, 243 N.W.2d 894, 902 (Iowa 1976) we said:

"The legislature was careful to delineate the confines of the office of judicial magistrates. It meticulously avoided according judicial magistrates the same status as district judges. * * * A judicial magistrate ' * * * is a judicial officer who is called upon to perform discretionary and judgmental functions of great importance. * * *.' *Krohn v. Judicial Magistrate Appointing Com'n*, 239 N.W.2d 562, 564 (Iowa 1976). He is not, however, a district judge. * * * "

We were concerned in *Warren County* only with district judges, but the same rationale applies to the distinction between associate district judges and magistrates.

The State cites us to a number of statutory enactments in which magistrates are accorded specific power to act to the same extent as district or associate district judges. That authority does not extend beyond the particular statute which grants it. The statute now before us (§ 769.8, The Code) is specific in requiring the approval of either a district judge or an associate district judge before a county attorney's information may be filed.

■ In statutory construction it is generally held a statute dealing specifically with a subject takes precedence over a general one on that same subject. *Llewellyn v. Iowa State Commerce Comm'n*, 200 N.W.2d 881, 883–884 (Iowa 1972); *Shriver v. City of Jefferson*, 190 N.W.2d 838, 840 (Iowa 1971); cf. *Northern Natural Gas Co. v. Forst*, 205 N.W.2d 692, 697 (Iowa 1973).

We deem *Warren County* dispositive of this issue. A magistrate has no authority to approve or disapprove a county attorney's information, and accordingly the information in the present case must be dismissed.

II. One other issue remains. Defendant filed a timely application for appointment of counsel claiming he was indigent, accompanied by an affidavit of his financial statement. *See* § 336B.2, The Code, 1975. After hearing, the application was denied and the court found defendant was able to provide counsel at his own expense. Later a second application met the same fate. (The first application was denied by Magistrate Mott, the second by Magistrate Omer.)

Our statute provides:

"If the defendant appears for arraignment without counsel, he must, before proceeding therewith, be informed by the court of his right thereto, and be asked if he desires counsel; and if he does, and is unable to employ any, the court must allow him to select or assign him counsel * * *." (§ 775.4)

"An attorney appointed by the court to defend any person charged with a crime in this state shall be entitled to a reasonable compensation to be decided in each case by the court, including such sum or sums as the court may determine are necessary for investigation in the interests of justice * * *." (§ 775.5)

In addition to the statute, of course, there is the constitutional requirement that an accused should be afforded counsel. *See* Amendment 6 to the federal Constitution and Article I, § 10 of the Iowa Constitution.

■ The question then becomes whether or not the defendant was unable to employ

counsel. The ability to employ counsel implies ability to pay him reasonable compensation. *See Schmidt v. Uhlenhopp*, 258 Iowa 771, 775, 140 N.W.2d 118, 121 (1966).

When a defendant appears without counsel and asserts his inability to pay one, the court is obliged to inquire into the matter. The court may require a reasonable showing of inability to pay. *See Bailey v. Broderick*, 212 N.W.2d 395, 398–399 (Iowa 1973). In the case now before us the court made such an inquiry and thereafter denied defendant's application.

The record shows defendant was steadily employed making $140 a week. He is married and has three children. For reasons not explained in the record, the family is receiving ADC assistance in the amount of $19 a month. Defendant is also receiving $100 a month on a contract for the sale of real estate.

Indigency is not defined in §§ 775.4 or 775.5. Some factors to be considered are detailed in *Bolds v. Bennett*, 159 N.W.2d 425, 428 (Iowa 1968). In § 336A.4, which deals with public defenders, an indigent is defined as one "who would be unable to retain in his behalf, legal counsel without prejudicing his financial ability to provide economic necessities for himself or his family." We borrow that definition in considering defendant's argument.

Under the record before us we hold the magistrates correctly refused to appoint counsel to represent defendant at public expense. There is no satisfactory showing defendant was unable to employ counsel at his own expense. Indeed he did obtain such counsel and the record shows he made at least partial payment of his fees.

For the reasons cited in Division I hereof the case is reversed and remanded with instructions that the information upon which this prosecution was based be dismissed.

For the reasons stated in Division II hereof the order denying defendant appointed counsel at public expense is affirmed.

REVERSED AND REMANDED.