In re the MARRIAGE OF Margie
Jennesse KOPP and Daniel
Ross Kopp.

Upon the Petition of Margie Jennesse
Kopp, Petitioner-Appellee,

and Concerning Daniel Ross Kopp,
Respondent-Appellant.

No. 3–65922.

Court of Appeals of Iowa.

April 27, 1982.

Robert M. Sherman, Des Moines, for respondent-appellant.

Margie J. Kopp Wilkerson, for petitioner-appellee, pro se.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

PER CURIAM.

Respondent-husband appeals from the trial court's decree dissolving the parties' marriage, asserting: (1) since he is indigent within the meaning of section 598.12, The Code 1979, the trial court should have ordered the county and not him to pay the $450 fee for the minor child's guardian ad litem and (2) the trial court abused its discretion in ordering respondent to pay $500 of his wife's attorney fees. We find appellant is indigent as the term is used in section 598.12, The Code 1979.

Appellee-wife, Margie Jennesse Kopp, and appellant-husband, Daniel Ross Kopp, were granted a decree of dissolution in September of 1980. The decree placed the parties' minor child, Timothy Kopp, in the custody of Margie and ordered Daniel to pay $500 of Margie's attorney fees and $450 to the child's guardian ad litem. Daniel appealed the attorney fees, custody and visitation provisions of that decree. On January 9, 1981, both parties admitted, and the juvenile court concluded, Timothy was a child in need of assistance. After the disposition hearing, the juvenile court placed Timothy in the custody of the Wapello County Department of Social Services and ordered "that upon the conclusion of the current school year, barring a change of circumstances herein, that the Department of Social Services shall place the child with his father on a trial basis."

On appeal, Daniel contends the only issues not mooted by the juvenile court's order were whether Daniel should pay the guardian ad litem's fee and $500 of Margie's attorney fees. We address only those contentions.

■ This is an equity action, *see* section 598.3, The Code 1979, in which we review the record de novo. Iowa R.App.P. 4. The court's findings of fact, especially regarding a witness's credibility, are given weight, but we are not bound by those findings. Iowa R.App.P. 14(f)(7).

I. Guardian Ad Litem's Fee.

Section 598.12, The Code 1979, requires the court to assess costs of the proceeding to the county if the party ordinarily responsible for costs is indigent. Daniel claims he is indigent and consequently he argues the trial court abused its discretion in making him liable for the guardian's fee. Our review of the record leads us to conclude Daniel is in fact indigent.

■ "Indigent" has become a term of art. Under section 336A.4, The Code 1979, relating to payment of public defenders' fees, an indigent is "any person who would be unable to retain in his behalf, legal counsel without prejudicing his financial ability to provide economic necessities for himself or his family." Under section 232.11(3)(b), The Code 1979, provisions for a court-appointed attorney in juvenile justice cases are made upon a determination by the court that the parent cannot pay any part of the expenses of counsel to represent the child. Under section 232.89(1), The Code 1979, and section 232.126, The Code 1979, the standard for court appointed counsel is "[whether]" the parent is financially unable to employ counsel." In the criminal law area, a person is indigent and may have court-appointed counsel to defend the person if he is unable to employ and counsel, and does not have the ability to pay the attorney reasonable compensation. *State v. Thompson*, 253 N.W.2d 608, 610 (Iowa 1977). In *Thompson*, the court, in defining indigency, analogized to section 336A.4, which refers to a person's ability to provide for economic necessities if required to personally retain and pay counsel. *Id.* In *Bolds v. Bennett*, 159 N.W.2d 425, 428 (Iowa 1968), the court listed some criteria to be considered in determining whether a person is indigent, including: (1) real or personal property owned; (2) employment benefits; (3) pensions, annuities,

social security and unemployment compensation; (4) inheritances; (5) number of dependents; (6) outstanding debts; (7) seriousness of the charge; and (8) any other valuable resources not previously mentioned. Clearly, the emphasis of the foregoing provisions is upon a person's ability to pay attorney fees without having to forego daily necessities. Although the above requirements to obtain court-appointed counsel were not announced in the context of court-appointed counsel for children whose parents were involved in a custody dispute ancillary to a dissolution, we see no reason to treat the criteria differently in this case. We hold an indigent, under section 598.12, The Code 1979, is a person who would be unable to employ counsel without prejudicing his financial ability to provide economic necessities for himself or his family.

▮ Applying these standards, we conclude Daniel is indigent for purposes of requiring the county to pay the guardian ad litem's fees. Daniel "owns no property, real or personal, and has only the most minimal amount of income." The record establishes his annual income varies between $4800 and $6000. Even that projection, however, is not certain, as the amounts are based upon the sporadic times Daniel maintained employment. Daniel's affidavit of financial status indicates he has a net worth of $322. We modify the trial court's order to the extent Daniel is not to be responsible for the guardian ad litem's fees.

II. Margie's Attorney Fees.

▮ The trial court also required Daniel to pay $500 of Margie's attorney fees. We note the trial court has considerable discretion respecting awards of attorney fees. *See In re Marriage of Schissel*, 292 N.W.2d 421, 428 (Iowa 1980). Our primary consideration in making that determination is each party's resources, both in absolute and relative terms. *See In re Marriage of Williams*, 303 N.W.2d 160, 167 (Iowa 1981). Although Margie failed to file a financial statement, she testified to receiving ADC support. Assessing the parties' resources, we conclude the trial court did not abuse its discretion.

AFFIRMED IN PART AND MODIFIED IN PART.