**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Bruce Allen FISCHER, Defendant and Appellee.**

**Cr. No. 984.**

Supreme Court of North Dakota.

May 10, 1984.

Melody R.J. Jensen, Asst. State's Atty., Fargo, for plaintiff and appellant.

William Kirschner, Fargo, for defendant and appellee.

ERICKSTAD, Chief Justice.

The defendant, Bruce Allen Fischer, was charged in the County Court of Cass County with issuing a check without sufficient funds in violation of Section 6–08–16, N.D. C.C. Fischer entered a plea of not guilty and filed a motion to dismiss the charge alleging that Section 6–08–16, N.D.C.C., violates the Equal Protection Clause of the United States Constitution. The trial court entered an order granting Fischer's motion to dismiss from which the State has filed this appeal. We affirm.

Section 6–08–16, N.D.C.C., provides that it is a class B misdemeanor to "make, draw, utter, or deliver" a check if there are not sufficient funds to pay the check in full upon its presentation. The section further provides in relevant part:

"A notice of dishonor must be sent by the holder of the check upon dishonor, prior to the institution of a criminal proceeding, the notice to be in substantially the following form: .... Payment to holder of the face amount of the instrument, plus any collection fees or costs, not exceeding the additional sum of ten dollars, shall constitute a defense to a criminal charge brought hereunder if paid within ten days from receipt of this notice of dishonor."

In support of his motion to dismiss, Fischer asserted that Section 6–08–16, N.D.C.C., violates the Equal Protection Clause by creating a classification based upon wealth which permits a person to escape criminal charges by making payment on a non-sufficient funds check. The trial court, relying on this Court's opinion in *State v. Carpenter*, 301 N.W.2d 106 (N.D.1980), agreed with Fischer's assertion and dismissed the charges against him.

In *Carpenter*, this Court declared Section 6–08–16.2, N.D.C.C., unconstitutional in violation of the Equal Protection Clause. That section enumerates the situations in which a person who issues a check is guilty of a class C felony. The portion of Section 6–08–16.2, N.D.C.C., which this Court determined to be in violation of the Equal Protection Clause, provided:

"However, if the drawer pays the holder of the instrument within thirty days after receiving written notice of nonpayment ... that fact shall constitute an affirmative defense to a criminal prosecution under this section."

In determining that the foregoing provision violated the Equal Protection Clause, this Court stated:

"While the state interest in preventing the issuance of nonsufficient fund checks is important, the classification based upon the ability of a defendant to pay for an affirmative defense to criminal prosecution is not substantially related to that interest. Thus, the classification based upon wealth constitutes a denial of equal protection to Carpenter, and, therefore, § 6–08–16.2, N.D.C.C., is constitutionally infirm." 301 N.W.2d at 110.

On appeal, the State attempts to distinguish the relevant language under Section 6–08–16, N.D.C.C., with the language of Section 6–08–16.2, N.D.C.C., found to be unconstitutional in *Carpenter*. The State asserts that the language in Section 6–08–

16, N.D.C.C., making payment of a non-sufficient funds check an affirmative defense to a criminal charge, unlike the similar language under Section 6–08–16.2, N.D.C.C., is included only as part of the example of the notice which must be sent to the issuer of the check and is not, therefore, intended to constitute substantive law. We disagree. Section 6–08–16, N.D.C.C., provides that a notice of dishonor must be sent in substantially the form provided by the statute. As part of that form, the statute provides that payment within ten days of the face amount of the instrument plus collection fees or costs "shall constitute a defense to a criminal charge brought hereunder." That language creates a classification based upon the ability of a defendant to pay for an affirmative defense, and it is of no import that the language is located within that part of the statute which sets forth the form for the mandatory notice of dishonor rather than in some other part of the statute.

■ We agree with the trial court that the relevant language under Section 6–08–16, N.D.C.C., is substantively identical to the language of Section 6–08–16.2, N.D.C.C., which we declared unconstitutional in *Carpenter*. Thus, based upon this Court's holding in *Carpenter* we now hold that Section 6–08–16, N.D.C.C., creates a classification based upon wealth in violation of the Equal Protection Clause and is, therefore, unconstitutional.[1]

■ The State asserts that, if we find the affirmative defense language of Section 6–08–16, N.D.C.C., unconstitutional, the infirm language can be severed from the statute allowing the remaining parts of the statute to remain in effect. We disagree. The declaration of part of a law as unconstitutional does not require the court to declare the entire law invalid unless all provisions are so connected and dependent upon each other that one can conclude that the Legislature intended the law to take effect in its entirety or not at all. *Arneson v. Olson*, 270 N.W.2d 125 (N.D.1978). Section 6–08–16, N.D.C.C., creates a strict criminal liability without a culpability requirement. *State v. McDowell*, 312 N.W.2d 301 (N.D.1981); *cert. denied*, 459 U.S. 981, 103 S.Ct. 318, 74 L.Ed.2d 294 (1982). Consequently, a person may be charged and convicted under that section for having issued a non-sufficient funds check irrespective of the issuer's good faith intent to honor the check. The unconstitutional language of Section 6–08–16, N.D.C.C., which makes payment of a check within ten days a defense to a criminal charge under that section, constitutes an important and integral part of the statute. That language serves to temper the harsh result of the strict liability element of the statute. We cannot conclude, therefore, that the 1983 Legislature intended the statute to stand without the affirmative defense. Consequently, we hold that Section 6–08–16, N.D.C.C., is unconstitutional and invalid in its entirety.

In accordance with this opinion, the trial court's order dismissing the charges against Fischer is affirmed.

SAND, GIERKE and VANDE WALLE, JJ., concur.

PEDERSON, Justice, dissenting.

I did not agree with Justice Paulson and the constitutional majority of four in *State v. Carpenter*, 301 N.W.2d 106 (N.D.1980). This case relies on that opinion. My views have not changed. I recommend to the Legislature that, in the future, it assign the check offenses section numbers in Title 12.1 so as to make Section 12.1–02–02,

---

1. The unconstitutional language under Section 6–08–16, N.D.C.C., was added to that statute in 1983. Senator John Olson introduced Senate Bill 2422 to provide for an increased civil penalty under Section 6–08–16, N.D.C.C. The bill was amended in the House to add, among other things, the language creating an affirmative defense to a criminal charge based upon payment of the check. Our research of the records showing the legislative history of the 1983 amendments to Section 6–08–16, N.D.C.C., does not disclose that the legislature gave any consideration to our prior decision in *Carpenter*, *supra*, or to the possibility of constitutional problems created by the new legislation.

NDCC, applicable and perhaps thereby address some of the objections of the majority of this Court.