STATE of North Dakota, Plaintiff
and Appellee,

v.

Theodore WILT, Defendant
and Appellant.

STATE of North Dakota, Plaintiff
and Appellee,

v.

Duaine ALTMAN, Defendant
and Appellant.

Cr. Nos. 1080, 1091.

Supreme Court of North Dakota.

July 11, 1985.

Melody R.J. Jensen, Asst. State's Atty., Fargo, for plaintiffs and appellees.

Kirschner & Baker, Fargo, for defendants and appellants, argued by William Kirschner, Fargo.

LEVINE, Justice.

Theodore Wilt and Duaine C. Altman were convicted of issuing checks without sufficient funds in violation of North Dakota Century Code § 6–08–16.

Both Wilt and Altman challenge the validity of their convictions on the very grounds recently rejected by this Court in *State v. Clark*, 367 N.W.2d 168 (N.D.1985). These challenges therefore are without merit and warrant no further discussion.

Altman further contends that NDCC § 6–08–16 is being unconstitutionally enforced.

In *State v. Carpenter*, 301 N.W.2d 106 (N.D.1980), and *State v. Fischer*, 349 N.W.2d 16 (N.D.1984), NDCC § 6–08–16.2 and 6–08–16, respectively, were declared unconstitutional as violating equal protection by creating impermissible wealth-based classifications. Because those statutes provided that payment was an affirmative defense, we held them violative of equal protection on the basis that they impermissibly burdened some individuals, i.e., indigents, while not burdening others similarly situated, i.e., issuers of NSF checks who paid the holder after notice of dishonor.[1]

1. In *State v. Mathisen*, 356 N.W.2d 129 (N.D. 1984), Justice Pederson, in his concurring opin-

Although § 6–08–16 does not violate equal protection on its face, *State v. Mathisen*, 356 N.W.2d 129 (N.D.1984), Altman contends that this statute is being discriminatorily enforced by Cass County to produce the identical result that was declared unconstitutional in *Carpenter* and *Fischer*. It is clear that a facially neutral statute may violate equal protection in its application or effect. *Crawford v. Los Angeles Bd. of Education*, 458 U.S. 527, 102 S.Ct. 3211, 73 L.Ed.2d 948 (1982); *Mathisen, supra*. The Constitution forbids not only discriminatory laws but also discriminatory enforcement of nondiscriminatory laws. *Yick Wo ·v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

 In *Mathisen,* we set out the proof necessary to establish discriminatory enforcement.

"To support a defense of selective prosecution a defendant must establish that other individuals similarly situated have not generally been prosecuted and that the State's selection of him for prosecution is invidious or in bad faith; that is, based upon constitutionally impermissible considerations such as wealth." *Mathisen, supra* at 133.

The record indicates that in Cass County, in the vast majority of cases, the writer of an NSF check is not prosecuted if the check is paid following notice of dishonor. From this evidence Altman argues that § 6–08–16 is being selectively enforced against only those individuals financially unable to satisfy the NSF checks they have issued, i.e., indigents. This, Altman contends, sufficiently demonstrates that a facially neutral statute is being discriminatorily enforced on the basis of wealth.

However, Altman concedes there is no proof that he, or other issuers of NSF checks similarly situated, are indigent.[2] Altman has offered no evidence that § 6–08–16 is being enforced against only those NSF checks writers who are unable to pay, because of indigency, as opposed to those who are simply unwilling to pay or unable to pay for reasons other than indigency. Consequently, Altman has not met the heavy burden of proof necessary to demonstrate a constitutionally impermissible enforcement of a statute. *State v. Gamble Skogmo, Inc.*, 144 N.W.2d 749 (N.D.1966); *People v. Macbeth Realty Co., Inc.*, 100 Misc.2d 926, 420 N.Y.S.2d 252 (N.Y.Supp. 1979); *Butler v. State*, 344 So.2d 203 (Ala. Cr.App.1977).

 Altman additionally contended in oral argument that § 6–08–16 was being enforced in a manner which violates Art. I, § 15 of the North Dakota Constitution, which prohibits imprisonment for failure to pay a debt. See *State v. McDowell*, 312 N.W.2d 301 (N.D.1981), *cert. denied*, 459 U.S. 981, 103 S.Ct. 318, 74 L.Ed.2d 294 (1982). However, Altman failed to raise this argument either in the trial court or in his appellate brief. An alleged error not raised in the trial court or supported by

---

ion, raised a troublesome point—namely, that any bad check law is discriminatory against people without funds. However correct that perception may be, it simply does not go far enough. A strict liability statute which criminalizes the conduct of issuing a check with insufficient funds, cannot constitutionally allow the offender with sufficient funds to cover the bad check, to escape penalty, while penalizing his indigent counterpart. A violator of the law cannot rightfully purchase protection from enforcement of that law. For example, assume we have two defendants, both of whom inadvertently write checks with insufficient funds. Each believes he has $100.00 in his account and so each writes a check for $100.00. In fact, each account has only $40.00. Checkwriter A merely rectifies his mistake by paying the $60.00, thereby escaping prosecution. Checkwriter B does not have the $60.00 *because of indigency,* cannot pay, and is therefore prosecuted. It is such invidious discrimination that was addressed in *Carpenter.*

2. Indigency has been variously defined depending on the context of the facts of a particular case and the right or privilege asserted to be due because of a litigant's alleged indigent status. See, *e.g., State v. Jensen*, 241 N.W.2d 557 (N.D. 1976); *In re Marriage of Kopp*, 320 N.W.2d 660 (Iowa App.1982); *Powers v. State*, 194 Kan. 820, 402 P.2d 328 (1965); *Montana Deaconess Hosp. v. Lewis and Clark County, Etc.*, 149 Mont. 206, 425 P.2d 316 (1967); *Verna v. Verna*, 288 Pa.Super. 511, 432 A.2d 630 (1981); *Destitute of Bennington Co. v. Henry W. Putnam M.H.*, 125 Vt. 289, 215 A.2d 134 (1965).

argument in an appellant's brief need not be considered on appeal. *Allen v. Kleven,* 306 N.W.2d 629 (N.D.1981); *Kern v. Art Schimkat Const. Co.,* 125 N.W.2d 149 (N.D.1963). The purpose of an appeal is to review the trial court's actions, and not to afford an appellant the opportunity to develop and expound upon new strategies or theories. *Edwards v. Thompson,* 336 N.W.2d 612 (N.D.1983); *Mattis v. Mattis,* 274 N.W.2d 201 (N.D.1979). Furthermore, it is well established that we will refrain from deciding constitutional issues, such as the one presented by Altman, unless required to do so by the case before us.

*Bismarck Public Schools v. Walker,* 370 N.W.2d 565 (N.D.1985).

For these reasons we affirm the decision of the trial court.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, J., concur.