1998 ND 177

**KAT VIDEO PRODUCTIONS, INC.,
and Todd Muggerud, Plaintiffs
and Appellees,**

v.

**KKCT–FM RADIO a/k/a Kat Country,
Defendant and Appellant.**

**Civil No. 980076.**

Supreme Court of North Dakota.

Sept. 29, 1998.

Scott K. Porsborg, Smith Bakke Hovland & Oppegard, Bismarck, for plaintiffs and appellees.

Orell D. Schmitz, Schmitz, Moench and Schmidt, Bismarck, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] KKCT–FM Radio, a/k/a Kat Country, appealed the district court's judgment and challenges the finding of trade name and trademark infringement and award of injunctive relief. We affirm.

I

[¶ 2] This appeal arises out of an action commenced in 1994 by Kat Video Productions and its founder, Todd Muggerud, against Kat Country for trade name and trademark infringement. *See KAT Video Productions, Inc. v. KKCT–FM Radio*, 1997 ND 21, ¶ 1, 560 N.W.2d 203. In *Kat*, this Court adopted a six-part test to aid in determining whether a likelihood of confusion exists between two trade names or trademarks. *Id.* at ¶ 10, 560 N.W.2d 203. Applying this test, we reversed a summary judgment decision in favor of Kat Country and remanded, directing the trial court to make factual findings on four of the six "likelihood of confusion" factors.[1]

[¶ 3] In 1989, Muggerud founded Kat Productions, a business providing audio and video production services for commercial, education, and training purposes. Muggerud began using the name "KAT," and a lion's head logo, intending them to be uniquely recognizable. Kat Productions primarily provides video production services to individuals in central and western North Dakota. In 1993, Kat Country, a country music radio station and audio production company was founded in Bismarck–Mandan. The radio station began an advertising campaign using the name "KAT" and a tiger's head logo. In

---

1. In *Kat*, we concluded the district court rightfully determined the other two factors, the strength of the trademark and the intent to confuse consumers, were undisputed on the evidence submitted. *See Kat*, 1997 ND 21, ¶ 28, 560 N.W.2d 203.

late 1993, after becoming aware of Kat Country's advertising campaign, Kat Productions registered its name and logo under North Dakota's trade name and trademark laws, N.D.C.C. chapters 47–22 and 47–25. Kat Productions and Kat Country have both continued to use the name "KAT" and a feline logo since they were founded.[2]

[¶ 4] The district court concluded Kat Country had infringed upon Kat Productions' trade name and trademark and issued an injunction prohibiting Kat Country's further use of the name and logo unless disclaimers were used. At the district court's direction, Kat Productions submitted proposed findings of fact, conclusions of law and order for judgment. Kat Country filed an objection to the proposed findings, conclusions and order objecting to the language prohibiting Kat Country from using the name " 'Kat', or any same-sounding alternative to that word." The district court signed the proposed findings of fact, conclusion of law and order for judgment noting: "The Court has considered Defendant's objections to the foregoing, and does herewith overrule the same." Judgment was entered.

[¶ 5] On appeal, Kat Country asserts the district court erred in finding trade name and trademark infringement and also challenges the scope of the injunctive relief.

## II

[¶ 6] In determining whether the trial court erred in finding a likelihood of confusion between Kat Productions' and Kat Country's trade names and trademarks, we are guided by the "likelihood of confusion" standard. *Kat,* 1997 ND 21, ¶¶ 9–10, 560 N.W.2d 203. The "likelihood of confusion" is a factual question. *ConAgra, Inc. v. George A. Hormel, & Co.,* 990 F.2d 368, 371 (8th Cir.1993) (rejecting the argument that while each factor is subject to the clearly erroneous standard, the ultimate determination of the likelihood of confusion is a question of law to be reviewed de novo). Under N.D.R.Civ.P. 52(a), we will not reverse a trial court's findings of fact on appeal unless it is clearly erroneous. *Peterson v. Ramsey County,* 1997 ND 92, ¶ 7, 563 N.W.2d 103. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Linrud v. Linrud,* 1998 ND 55, ¶ 7, 574 N.W.2d 875.

[¶ 7] To prevail in this infringement action, Kat Productions was required to

2.

prove Kat Country's use of its name and logo creates a likelihood of confusion, deception or mistake among ordinary consumers as to the source of or association between Kat Productions' and Kat Country's services. *Duluth News–Tribune v. Mesabi Pub. Co.,* 84 F.3d 1093, 1096 (8th Cir.1996). In *Kat,* we adopted six "likelihood of confusion" factors to be considered in trade name and trademark infringement cases, including:

(1) the strength of the trademark;

(2) the similarity between the parties' marks;

(3) the competitive proximity of the parties' products or services;

(4) the alleged infringer's intent to confuse;

(5) evidence of actual confusion; and

(6) the degree of care reasonably expected of the potential customers.

*Kat,* at ¶ 10 (citing *Anheuser–Busch, Inc. v. Balducci Publications,* 28 F.3d 769, 774 (8th Cir.1994)). While each of these factors must be given consideration, no one factor should be given excessive weight to the exclusion of others. *ConAgra,* 990 F.2d at 371. Instead, the relative weight given to each of the factors is determined by the facts and circumstances in a particular case. *Int'l. Kennel Club v. Mighty Star, Inc.,* 846 F.2d 1079, 1087 (7th Cir.1988). We now review each of the factors examined by the trial court.

■ [¶ 8] The similarity between the two marks was the first of the factors addressed by the district court. In *Kat,* we emphasized a proper comparison of two trademarks is in light of the marketplace perception, rather than a side-by-side comparison. *Kat,* at ¶ 16. Even where the trademarks can be distinguished, a likelihood of confusion can exist if the similarities indicate a connection between the two entities. *Id.* (citing *McGregor–Doniger, Inc. v. Drizzle, Inc.,* 599 F.2d 1126, 1134 (2d Cir.1979)). Any similarities between the marks should be given more weight than the differences between the marks. *See, e.g., Jordache Enter., Inc. v. Hogg Wyld, Ltd.,* 828 F.2d 1482, 1485 (10th Cir.1987).

[¶ 9] The district court found sufficient similarities between Kat Productions' and Kat Country's trademarks to cause confusion

among consumers and the general public. Kat Productions' and Kat Country's trademarks both use the unique term "Kat" and a feline logo. In addition, Kat Productions and Kat Country provided testimony concerning the uniqueness, appeal and recognition of the term "Kat" when used with a feline head. Accordingly, it was proper for the court to give greater weight to the similarities between the marks and conclude any distinctions between the marks would not be recognized by purchasers viewing the marks separately, rather than side-by-side. The district court's finding as to the similarity of the trademarks is therefore not clearly erroneous.

■ [¶ 10] Regarding competitive proximity, the trial court ruled a sufficient proximity exists between Kat Productions' video productions and Kat Country's audio productions to cause a likelihood of confusion. Although the trial court found the products of the two entities distinguishable, it concluded inexperienced and occasional customers would likely be confused about whether Kat Productions and Kat Country were affiliated because both are within the communications industry and operate within the same geographic area.

■ [¶ 11] Kat Country contends the testimony of LaRoy Kingsley, a professional in the advertising industry, requires a finding for Kat Country on this factor. Kingsley stated Kat Productions' and Kat Country's products are completely different. However, the touchstone of trademark infringement is confusion, not competition. *Kat,* 1997 ND 21, ¶ 17, 560 N.W.2d 230. Even where two entities are not in direct competition with each other, their proximity can still be probative of the likelihood of confusion because consumers may be confused as to the source of the products. *McGregor–Doniger,* 599 F.2d at 1134–35. Thus, indirect harm such as the loss of goodwill or the tarnishment of reputation resulting from infringement is important, as well as the direct diversion of purchasers. *See id.* at 1134.

[¶ 12] There is ample support in the record to uphold the trial court's finding of a likelihood of confusion based on the proximity of the two products. Several witnesses testified a connection exists between Kat Productions

and Kat Country because both are within the communications industry. Kat Country's general manager, Larry Schmidt, acknowledged a connection between Kat Productions and Kat Country. In addition, Donna Stack, an assistant professor of communications at the University of Mary in Bismarck, testified regarding the closeness between radio and video broadcasting and why the public often perceives these two areas as being related. Stack indicated both radio and video training and experience are required to obtain a communications degree from the University of Mary and other universities. She also stated many radio broadcasting companies, including one located in Bismarck, operate radio stations and video production companies under the same corporate umbrella. In light of this evidence, the trial court's finding of proximity is not clearly erroneous.

[¶ 13] With respect to the next factor, evidence of actual confusion, the district court found a likelihood of confusion exists. While actual confusion is not essential to a finding of trademark infringement, any evidence of actual confusion is entitled to substantial weight. *Int'l. Kennel Club*, 846 F.2d at 1090. The test for this factor is "whether any consumers have actually been confused by the products bearing the allegedly confusing marks." *Kat*, 1997 ND 21, ¶ 21, 560 N.W.2d 203 (citing *Jordache Enter., Inc. v. Levi Strauss & Co.*, 841 F.Supp. 506, 518 (S.D.N.Y.1993)). Evidence of actual confusion can consist of anecdotal evidence of confused consumers in the marketplace, consumer surveys, or conduct probative of confusion, such as misdirected correspondence and telephone calls. *Id.*

[¶ 14] At trial, Kat Productions provided many examples of consumer confusion. Muggerud's testimony, alone, included several incidents where consumers and other individuals either thought the two entities were affiliated or inquired about whether they were connected. These included: (1) individuals asking whether Kat Productions was getting involved in radio; (2) a business mistakenly calling Kat Productions to discuss Kat Country's advertising rates; (3) a boy questioning whether Kat Productions was with the radio station while it was filming at a playground; (4) a business asking whether Kat Productions was with the radio group in Mandan; (5) telephone callers asking if the telephone number they had reached was Kat Country; (6) a state employee asking Muggerud for the details of a contest being conducted by Kat Country; (7) individuals, including customers, introducing Muggerud as being with Kat Country; and (8) an individual telling Muggerud she listens to his radio station all the time. In addition, the testimony of Timothy Wieben and Kathy Helbing also shows actual confusion among Kat Productions' consumers. Wieben, an individual contacting Kat Productions on behalf of his employer, testified he assumed Kat Productions and Kat Country "were one and the same" and never questioned this assumption. Helbing, who was also asked by her employer to locate a video production company, provided similar testimony. She stated she perceived an affiliation between Kat Country and Kat Productions after viewing Kat Productions' name and logo in the yellow pages. The district court's finding of actual confusion is supported by the record and, therefore, not clearly erroneous.

[¶ 15] The last of the four factors addressed on remand was the degree of care reasonably expected of the potential customers. With respect to this factor, the trial court concluded a majority of Kat Productions' customers consist of occasional or first time video productions' consumers, rather than routine communications' purchasers. As a result, the trial court held it was not reasonable to expect Kat Productions' customers to distinguish between video productions and audio productions.

[¶ 16] At trial, Muggerud testified approximately eighty–five percent of Kat Productions' consumers are nonprofit corporations and agencies, while just fifteen percent are individual consumers or commercial corporations who regularly purchase advertising. According to Kat Productions, while many of its consumers are trained and knowledgeable in fields such as education, medicine or social work, they do not regularly work with the communications and advertising industry. Muggerud stated many of these consumers seek their services for work on projects involving socially sensitive issues such as alcohol abuse, child abuse and aids education. Kat Productions argues Kat Country's lack

of sensitivity to social issues[3] may cause potential consumers to avoid their video production services if they perceive a connection between Kat Productions and Kat Country. In contrast, Kat Country's expert, LaRoy Kingsley, stated video and audio production service purchasers are sophisticated consumers exercising great care in their purchases. Kat Country contends the trial court erred in finding a likelihood of confusion on this factor because the testimony of Kingsley should be given more weight than the testimony of the other witnesses.

[¶ 17] The burden resting with the party challenging the factual findings is especially strong where the findings are primarily based upon oral testimony and the trial judge has had the opportunity to view the witnesses' demeanor and judge their credibility. *See Johnson v. Hamill,* 392 N.W.2d 55, 59 (N.D.1986) (quoting *Byron v. Gerring Indus., Inc.,* 328 N.W.2d 819, 821–22 (N.D.1982)). Where the district court has chosen between two permissible views of the evidence, its findings are not clearly erroneous. *See id.* at 59 (citations omitted). Here, the trial court concluded Kat Productions' potential customers are frequently members of the general public without experience working with communications, and therefore not expected to distinguish between video and audio productions. Although the trial court could have reached a contrary result had it relied on the testimony of Kingsley, that does not make the finding clearly erroneous. In addition, trial courts are instructed to view evidence concerning the degree of care reasonably expected from the perspective of the potential customers. *Kat,* 1997 ND 21, ¶ 24, 560 N.W.2d 203; *McGregor–Doniger,* 599 F.2d at 1137. Kingsley's testimony concerned only general purchasers of audio and video services, rather than Kat Productions' potential consumers. For these reasons, the district court's findings with respect to the reasonable care expected of Kat Productions' potential consumers are not clearly erroneous.

[¶ 18] We have fully reviewed the trial court's findings of fact and we are satisfied the trial court weighed all of the factors. Given the strength of the trademark, the

similarities between the two marks, the close proximity between audio and video productions, the evidence of actual confusion and the low degree of care expected of Kat Productions' potential customers, we conclude the trial court's ultimate finding of a likelihood of confusion between Kat Productions' and Kat Country's products is fully supported by the record and is not clearly erroneous.

### III

[¶ 19] Kat Country also challenges the scope of the district court's injunction. Following the trial court's finding of trade name and trademark infringement, Kat Productions proposed a three-part injunction: 1) prohibiting Kat Country from "all use of the name 'Kat', or any same-sounding alternative to that word, including, but not limited to, in its on-air broadcasts" unless accompanied with a disclaimer; 2) enjoining Kat Country from "use of the logo displaying a feline head, and employing the words 'Kat Country'" unless a disclaimer is used in close proximity to the words "Kat Country"; and 3) requiring Kat Country to turn over all items in its possession or control containing the infringing trade name or trademark unless the name and mark is either removed from the items or a disclaimer placed near the infringing name or mark. Briefs were submitted by both parties on whether the injunction should prohibit Kat Country from using any same-sounding alternatives to the word "Kat." After reviewing the briefs, the trial judge rejected Kat Country's arguments and signed Kat Productions' proposed findings, conclusions and order.

[¶ 20] Section 47–22–12, N.D.C.C., allows trial courts broad discretion in fashioning remedies in trade name and trademark infringement cases. This statute provides "any court of competent jurisdiction may grant injunctions to restrain such manufacture, use, display or sale as may be by the said court deemed just and reasonable...."

---

3. To show Kat Country's lack of sensitivity on certain social issues, Kat Productions introduced a Kat Country advertisement as an exhibit. The advertisement was a small paper bag displaying the Kat Country name and logo with Lite beer on one side, the words "Lay Me Down, We'll Do It Again" appeared on the other side.

N.D.C.C. § 47–22–12. Granting or denying injunctive relief rests within the sound discretion of the trial court, and the court's ruling will not be reversed unless there has been an abuse of discretion. *Magrinat v. Trinity Hospital*, 540 N.W.2d 625, 628 (N.D. 1995). Kat Country contends the district court abused its discretion in prohibiting it from using any same-sounding alternatives to the term "Kat" because the trial court did not address whether "Cat Country" is confusingly similar to "Kat Productions." We reject this argument.

[¶ 21] "Cat," when pronounced, is indistinguishable from "Kat." Thus, merely prohibiting Kat Country from using the term "Kat" would do nothing to alleviate the confusion among potential consumers because the name "Kat Country" is often used in an audio, rather than visual setting. Prohibiting Kat Country from using any same-sounding alternatives to the term "Kat" is necessary to prevent Kat Country from making an insignificant change in the mark to avoid the injunction and then using the altered mark in a confusingly similar manner. *See Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608–09 (6th Cir.1991) (holding the district court's injunction preventing the use of the mark "X-tend" or one confusingly similar is proper even though it may prevent infringers from using a common English word). Because the language of the injunction is properly limited to preventing the likelihood of confusion, we conclude the district court did not abuse its discretion in limiting use of the term "Kat," as well as any same-sounding alternatives to that word.

[¶ 22] During oral argument the parties disagreed on whether the terms in paragraph one of the district court's order which prohibit use of the term "Kat or any same-sounding alternative," extend to paragraph two addressing use of the logo. Kat Productions argues these two paragraphs are read together prohibiting Kat Country from using

"Kat" or any same-sounding alternative in its on-air broadcasts, as well as with the logo. In contrast, Kat Country reads the order more narrowly contending the same sounding alternative portion of the injunction is limited to its on-air broadcasts. We will not consider this issue on appeal because it was not raised in the trial court or briefed by the parties, *State v. Wilt*, 371 N.W.2d 159, 160–61 (N.D.1985), nor has the issue been determined by the trial court.[4]

[¶ 23] The judgment of the district court is affirmed.

[¶ 24] MESCHKE, MARING, NEUMANN and SANDSTROM, JJ., concur.

---

4. The parties have previously disagreed about the injunction. Upon entry of judgment, Kat Productions brought a motion for contempt requesting the trial court find Kat Country in contempt for failing to follow the injunction issued by the court. Kat Productions argued Kat Country was not using a disclaimer in its on-air broadcasts as frequently as the injunction required. A hearing was held on the contempt motion and the district court found Kat Country in contempt, and ordered it pay $100 each day it failed to comply with the trial court's judgment.