2001 ND 204

**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Robbie Del James ROBERSON, Defendant and Appellant.**

**No. 20010038.**

Supreme Court of North Dakota.

Dec. 20, 2001.

Michael S. Montgomery of Montgomery, Goff and Bullis, Fargo, N.D., for defendant and appellant.

Timothy Michael O'Keeffe, City Prosecutor, Fargo, N.D., for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Robbie Del James Roberson appeals from a judgment finding him guilty of unlawfully resisting an officer. Roberson argues he was justified in resisting the officer because the officer was acting unlawfully, and the evidence was insufficient to support the conviction. We affirm.

I

[¶ 2] Shortly before 1:00 a.m., March 3, 2000, Roberson was walking through a parking lot in Fargo. Officer Chris Potter was on patrol and observed Roberson duck between two cars in the parking lot, as if he was trying to hide. Officer Potter attempted to communicate with Roberson. When Roberson did not respond, Officer Potter ordered him to stop and put his hands in the air. Roberson did not initially follow Officer Potter's requests. Officer Potter repeated his requests numerous times. Eventually, with the help of other officers, Roberson was handcuffed and arrested. Roberson was charged with disorderly conduct under Fargo Municipal Code § 10–0301 and unlawfully resisting an officer under § 10–0317.

[¶ 3] The trial court found there was no evidence linking Roberson to any criminal activity, and subsequently dismissed the disorderly conduct charge. The court also found Roberson had resisted the officer and was guilty on that charge. Roberson appeals his conviction, arguing the conviction should be dismissed based on the officer's unlawful actions, and there was insuf-

ficient evidence in the record to support the conviction.

II

[¶ 4] Roberson argues Officer Potter lacked any reasonable suspicion to stop him. Officer Potter's unlawful conduct thus creates a defense to the crime of resisting arrest under N.D.C.C. § 12.1–08–02(2). Roberson claims the facts in this case do not support a reasonable belief that he was engaged in criminal activity, and therefore, the charge of resisting arrest should be dismissed. We disagree.

[¶ 5] Roberson failed to raise the justification defense of unlawful police conduct to the trial court. Roberson conceded that the first time he raised the justification defense was before this Court on appeal. Roberson failed to preserve the issue of whether he was justified in resisting the officer because he did not raise the issue with the trial court. *See Matter of B.E.M.*, 1997 ND 134, ¶ 21, 566 N.W.2d 414. One of the touchstones for an effective appeal on any proper issue is that the issue was appropriately raised at trial so the trial court could intelligently rule on it. *State v. Glass*, 2000 ND 212, ¶ 10, 620 N.W.2d 146. This Court will not consider questions that were not presented to the trial court and are raised for the first time on appeal. *Selzler v. Selzler*, 2001 ND 138, ¶ 7, 631 N.W.2d 564.

III

[¶ 6] Roberson argues there was not sufficient evidence presented at trial to support his conviction of resisting an officer. Roberson was charged with resisting an officer under Fargo Municipal Code § 10–0317, which states, "It shall be unlawful for any person by the use of force, violence, or flight to resist knowingly any police officer in the performance of his

duties."[1] To successfully challenge the sufficiency of the evidence on appeal, Roberson must convince us the evidence permits no reasonable inference of guilt. *See State v. Ebach*, 1999 ND 5, ¶ 24, 589 N.W.2d 566. We will only reverse a criminal conviction if, after viewing the evidence and all reasonable inferences in a light most favorable to the verdict, no rational fact finder could have found the defendant guilty beyond a reasonable doubt. *Id.* In deciding whether sufficient evidence exists to support the verdict, we do not resolve conflicts in the evidence nor do we weigh the credibility of the witnesses. *State v. Gagnon*, 1999 ND 13, ¶ 23, 589 N.W.2d 560.

[¶ 7] We conclude there was sufficient evidence to support the trial court's finding that Roberson unlawfully resisted the officers. Officer Potter testified Roberson failed to follow his requests and physically struggled with the other officers. Officer Dan Hudson also testified Roberson was yelling and kicking the officers while attempting to get up.

[¶ 8] When viewed in a light most favorable to the guilty verdict, we find ample evidence was presented to show Roberson physically resisted an officer. We affirm.

[¶ 9] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.

---

1. Though Roberson did not raise the question, we note there are significant differences between Fargo Municipal Code § 10–0317 and N.D.C.C. § 12.1–08–02, the statutory provision governing preventing arrest or discharge of official duties. The conflict between the ordinance and the statute could pose a problem under N.D.C.C. § 12.1–01–05. Because neither party raised this issue or addressed it in their briefs, we will not consider it. *See Romanyshyn v. Fredericks*, 1999 ND 128, ¶ 3 n. 1, 597 N.W.2d 420.